Walker *v*. Pierce.

---

BENJAMIN WALKER *v.* DAVID PIERCE.

[IN CHANCERY.]

*Deed.     Construction.     Right of Way.*

There was a grant in the deed in question of a "common passway for all necessary and household purposes" to the rear of the building conveyed, of the width of a "common cartway". It appeared in proof that an ordinary cartway is of the width of only twelve feet. *Held,* that the grantee is not necessarily restricted to a passway twelve feet in width only.

It is a question of fact whether the grantee has such convenient space left open and unobstructed for the purposes specified in the deed.

In the construction of a deed or grant the language is to be construed in connection with, and in reference to, the nature and condition of the subject matter of the grant, at the time the instrument is executed, and the obvious purpose the parties had in view.

Where a party grants a private way he is not bound by implication to construct or keep it in repair.

The parties to this bill owned a right of way in common with A., which the defendant had graded, to the orator's prejudice. *Held,* that a decree may properly be made for the defendant in effect to undo what he has improperly done, without making A. a party.

APPEAL from Chancery. The orator alleged in his bill that in April, 1860, he purchased of the defendant the easterly portion of certain described premises in Woodstock, together with a passway round the west end of the building on said premises, and along in rear thereof to the premises purchased by the orator; that he converted his portion of the building into a dwelling house and moved in with his family; that the defendant knew this was the orator's design when he made the purchase; that the only way to get to the rear of his house was by said passway; that without it the occupant of his house would be subject to very great inconvenience, and his house would be nearly worthless; that the deed provided that said passway in the rear should be of the width of a common cartway, and sufficient for all necessary and ordinary household purposes; that the defendant soon after greatly impeded and obstructed said passway by building a shed in rear of said building, and an abutment of earth and stone on the northwest corner thereof. And the orator prayed that said shed, abutment and other obstructions be re-

moved, and the defendant enjoined from placing other obstructions in said passway, and for damages.

The defendant in his answer denied that said abutment or shed obstructed said passway, or that he ever put any obstructions of any kind in said passway. The answer was traversed.

It appeared that the "common passway" referred to in the deed, (which is set forth sufficiently in the opinion,) at the west end of the building, and leading from the road to the rear of the building, is ten feet wide, and owned by the defendant and one Anderson. From this common passway to the orator's premises in rear, as now situated, there must be a square turn (an angle of ninety degrees) at the north-west corner of the defendant's house, thence running east. At said northwest corner there is an abutment of stone projecting out and standing north and northwesterly towards a woodhouse, erected by the defendant about twenty-one feet north of the defendant's main building, and extending the whole length of it east and west, the west end of it standing on the west line of the defendant's land next to said common passway of the defendant and Anderson. This abutment has been partially removed since the bill was brought and testimony taken. The woodhouse is twenty-three feet long and fifteen feet wide. The only approach to the orator's premises in the rear is between said woodhouse and the defendant's house —the original building. The sills of the woodhouse are much lower than the northwest corner of the defendant's house. There is a projection four feet wide built on the north side of said building by the defendant, making the distance from said projection to the woodhouse about seventeen feet. This projection does not come fully to the ground, but is supported at the northwest corner by an iron brace. From the stone steps at the northwest corner to the woodhouse is about thirteen feet, making the passway only that width. Some of these stones have been removed by the defendant since the bill was brought and testimony taken. It also appeared that the passway in the rear was not passable for teams, &c., without grading.

The master to whom the case was referred reported that it is needful, in order to restore the cartway through the defendant's premises for practical use and enjoyment, to remove the said outbuilding or

Walker *v.* Pierce.

shed four feet northerly, or make said shed four feet less in width, so as to give four feet more room or space between the defendant's dwelling house and said shed, and fill the cellar permanently with earth to a level with the ground next to the shed, on the southerly side thereof, so that loaded teams may pass with safety close to the shed.

It appeared from the testimony filed in the case, and the testimony before the master, that the defendant had raised the ground in the common way between his house and the premises of said Anderson, since the conveyance by the defendant to the orator, but to what extent did not appear fully, but considering all of the testimony bearing upon that point, the master finds that it is necessary to grade said common way by commencing at the surface of the ground at the southwest corner of the defendant's house, and grading it as near as practicable to an inclined plane to a point at the northwest corner of the extension part of said house and five feet below the lower end of the corner weatherboard to said house.

It also appeared that the orator during the time that he was in possession of the premises, conveyed to him by the defendant, sustained damages in consequence of the obstructions of said cartway by the defendant, in extra expense of getting in wood and in procuring wood to be delivered, to the amount of thirty-six dollars and fifty cents, and that Daniel Stearns, the present incumbent of said premises, will in like manner have sustained damages amounting to ten dollars on the first day of April next, being for one year, making in the whole forty-six dollars and fifty cents.

The counsel for the orator requested the master to find and report an allowance and compensation for the damage and depreciation of the value of the premises conveyed by the defendant to the orator, in consequence of obstructions to the cartway through the defendant's premises, and also for the trouble, perplexity and expense of a lawsuit in order to obtain the orator's just and lawful rights; but the master disallowed the claim.

The case was heard at the December Term, 1864, Barrett, Chancellor, and a decree was made substantially in compliance with the master's conclusions in respect to moving the said shed and making the passway in the rear four feet wider, and grading the

common passway at the west end of said building; and the chancellor also ordered *pro forma,* that the defendant pay to the orator the damages found by the master to have been sustained by him,— from which decree the defendant appealed.

————, for the defendant.

*Converse & French,* for the orator.

The opinion of the court was delivered by

PECK, J. The deed from the defendant to the orator, conveying the easterly portion of the building, grants to the orator "*the right*" to use the common passway "*at the west end of the building, also a right to a passway therefrom to the rear of the portion of the building hereby conveyed, to be forever so fenced and provided with a gateway as to give said Walker, his heirs and assigns, room to pass of the width of a common cartway for all necessary and ordinary household purposes, to the rear of the building herein conveyed.*" This is the language of the grant. The common passway, mentioned in the grant, passes from the street down to the rear of the building; and the other passway granted passes from the common passway along in rear of the defendant's part of the building to the rear of the orator's portion of the building. The two passways, if they can be so called, are nearly at right angles with each other at the point of intersection. It might with more propriety be said to be one entire passway, turning its course near the middle of it, at an angle or sharp curve, about ninety degrees.

The principal question in dispute upon the pleadings and evidence is whether the defendant in the erection of his shed, has left between the rear of his part of the building and his shed, a passway of the width he was bound to leave by the terms of his deed, at the angle or curve.

The defendant claims that the proof shows that an ordinary cartway is of the width of only twelve feet, and that with this proof, the legal construction of the deed is that the plaintiff is entitled to a way but twelve feet in width; that in connection with this proof the grant is the same as if the deed had specified twelve feet as the width of the way. We cannot adopt this construction of the deed. In the construction of a deed or grant, the language is to be construed in connection with, and in reference to, the nature and condi-

tion of the subject matter of the grant at the time the instrument is executed, and the obvious purpose the parties had in view. The object expressed in this deed is, "*to give said Walker, his heirs and assigns, room to pass of the width of a common cartway for all necessary and ordinary household purposes.*" To effect this object the way must be of such a width as to be available to the grantee, and capable of practical use. What would be sufficient for a common cartway on a straight line, might not be in case of a way with sharp angles and curves, as more space would be required in turning the angles and curves, than in passing on a straight line. It appears that the common passway from the street down between the defendant's portion of the house and Anderson's house, is but ten feet wide; consequently the orator must make the turn mainly upon the defendant's land in going from that passway to the rear of his building, and is entitled by the grant to space reasonably convenient for that purpose.

It becomes then a question of fact whether the orator has such convenient space left open and unobstructed for that purpose. Without going into the particulars of the evidence, we think upon the proof in the case he has. We think the difficulty and embarrassment in passing, disclosed in the evidence, arises from the steep descent in going down the common or Anderson passway, just at the angle where the two ways intersect, rather than from the want of sufficient space. With that common way properly graded down as the master recommends in his report, the orator will have all the space for passage which in our judgment, in view of the condition of the property at the date of the deed, he is entitled to by his grant, and all that was in contemplation of the parties at the time. As to the abutment, it appears by the master's report to have been removed, and no mention is made of it in the decree.

The only remaining question is, whose duty it is to grade down that way. When a party grants a private way, he is not bound by implication to construct or keep in repair the way granted. That duty rests on the grantee if he wishes to enjoy the way, and he takes by the grant the right to do so. But it appears in this case that the defendant has filled up and raised this common way from the street to the rear of his building since the date of his deed to the orator,

thereby causing, to some extent, the abrupt descent which embarrasses the orator in approaching the rear of his house through the way in question. As it does not appear affirmatively that the master's report and decree of the court of chancery require the defendant to grade down that way more than he has raised it since the execution of his deed to the orator, we find no error in this part of the decree. The defendant objects to this portion of the decree on the ground that Anderson owns this common way in common with the parties to this suit, and that the defendant by complying with the decree will trespass upon Anderson. But it is right, as between the orator and the defendant, that the latter should undo what, to the prejudice of the orator, he has improperly done ; and the defendant has a right, as between him and Anderson, to make necessary and proper repairs. Under these circumstances this decree may properly be made against the defendant without making Anderson a party. The view we take of the case destroys the main basis on which the master awards damage to the orator. No substantial damage worth the cost of estimating has been sustained, and none is allowed.

The decree of the court of chancery is reversed, and the cause remanded with directions to that court to enter a decree for the orator only requiring the defendant to grade the common passway as required by the original decree, and as the orator fails in the main portion of his bill, neither party should recover costs.