# Paul E. and Marjorie M. Begin et al v. Dominic and Catherine Barone

[ 207 A.2d 252 ]

December Term, 1964

Present: Holden, C. J., Shangraw, Barney and Smith, JJ. and Brooks, Supr. J.

Opinion Filed February 2, 1965

*Kenneth P. Akey* for plaintiffs.

*Francis R. Peisch* for defendants.

**Barney, J.** The defendants placed a fence across a travelled way. The plaintiffs Begin and Courcey, as users, brought a declaratory judgment action in equity, claiming a right of way in themselves and also in the public generally. The defendants challenged the bill of complaint on the basis that it failed to put forward any ground for equitable relief. They also contested each claim of right in the passageway made by the plaintiffs.

The way is located in the City of Burlington. It is identified on maps published by the city as Pine Place, and runs between Pine street and St. Paul Street. As it leaves Pine Street it is paved for about half of its length. There then occurs a slight jog in the vicinity of defendants' property, and from there to St. Paul Street it is unpaved. The fence was erected at the jog.

■ At the time of trial the defendants questioned the sufficiency of the bill of complaint to support equitable relief. At the suggestion of the chancellor, the plaintiffs added by amendment a request for injunctive relief and an allegation that there was no adequate remedy at law. The defendants objected to the amendments, but it was properly within the province of the chancellor to allow them. *Neverett* v. *Towne,* 121 Vt. 447, 452, 159 A.2d 345. The essential ingredient which gives equitable jurisdiction in a case of this kind is the continued obstruction of the claimed right of way. *Barrell* v. *Renehan,* 114 Vt. 23, 25, 39 A.2d 330. Damages are inadequate relief to a "continuing trespass," since it breeds a multiplicity of suits and fails to accord the obstructed party his rightful access, although he shows himself to be so entitled. *Price* v. *Rowell,* 121 Vt. 393, 398, 159 A.2d 622. Therefore, this action may be maintained in equity.

The findings demonstrate that the Begins and the Courceys are Pine Place residents, and have been for more than fifteen years. In connection with the claimed right of way over Pine Place, the chancellor found as follows:

> The residents of the paved section of Pine Place and of the surrounding area for more than fifteen years have used the entire passageway, both the paved section and the unpaved section, designated as Pine Place and running from Pine St. to St. Paul St., openly [sic], notoriously, hostilely and continuously as a roadway leading from Pine Street to St. Paul St.

Although the finding is somewhat elliptic, resort to the testimony, as is proper, establishes that it has evidentiary support. *Little* v. *Little,* 124 Vt. 178, 182, 200 A.2d 276. It appears that both the Begins and the Courceys, each on their own part, made use of the roadway in the manner and for more than the time period essential to establish a prescriptive right, as the chancellor ultimately found.

■ In addition, it appears in the findings and the evidence that the Begins' deed, under which they have occupied their present premises continuously since 1944, contains a right of way provision. It states: "Included in this conveyance is a right of way over Pine Place to St. Paul and Pine Streets." The Begins' use of Pine Place must, therefore, be presumed to be in the exercise of their rights under their deed. *D'Orazio* v. *Pashby,* 102 Vt. 480, 486, 150 Atl. 70.

The chancellor also separately found that the general public had used Pine Place as a passageway openly, notoriously, hostilely and continuously for a period of more than fifteen years. He went on to find that the city had erected street signs, paved and maintained a part of Pine Place, and noted it as a street in its full length on city maps. Whether all these findings establish all of the essentials of both dedication and appropriate acceptance, we do not now need to decide. See *Demers* v. *Montpelier*, 120 Vt. 380, 385, 141 A.2d 676. This is so because the essentials of this litigation can be settled by a determination of the rights of the parties before us, without examining the interests of the City of Burlington, which has not been joined.

However, because of these findings of use by the public, the defendants contend that the use of the passageway must be held to be permissive, and not adverse. They correctly point out that there is such a rule in our cases. It is an exception to the general rule that open and notorious use will be presumed adverse. A generalized use by the public may, in appropriate circumstances, raise a presumption that the use is permissive. *Gore* v. *Blanchard*, 96 Vt. 234, 241, 118 Atl. 888.

Although this presumption has sound policy support, there are competing considerations. In *Barber* v. *Bailey*, 86 Vt. 219, 224, 84 Atl. 608, Justice Powers calls attention to one such consideration when he says, "We realize that it is a serious matter to interfere with privileges enjoyed for more than sixty years. . . ." He had already pointed out that the character of a use remains a question of fact, unless the proofs and inferences are all one way. Here they were not, and from the facts the chancellor found the use to be adverse, leaving no room for the operation of the presumption of permissive use. *Tyrrell* v. *Prudential Ins. Co.*, 109 Vt. 6, 23-4, 192 Atl. 184.

From the foregoing, it appears that the decree is adequately supported by the findings, taking them, as we must, in their most favorable light.

*Decree affirmed.*