## Norman H. Greenberg v. George E. and Marie M. Hadwen

[484 A.2d 916]

No. 82-089

Present: Billings, C.J., Hill, Underwood and Peck, JJ., and Larrow, J. (Ret.), Specially Assigned

Opinion Filed September 7, 1984

Motion for Reargument Denied November 5, 1984

R. *Clarke Smith*, *Leonard F. Wing, Jr.*, and *Allan R. Keyes* of *Ryan Smith & Carbine, Ltd.*, Rutland, for Plaintiff-Appellant.

*Clark, Lillie & Holden*, Bennington, for Defendants-Appellees.

**Hill, J.** The plaintiff appeals the denial of his request for an injunction to prevent the defendants from interfering with a prescriptive easement that the plaintiff claims exists over a strip of the defendants' land. We affirm.

The undisputed facts are as follows. The plaintiff's land is contiguous to and west of the defendants' land. An area of open land at the boundary between the parties' lands is "land in common" and is used for the passage of people and vehicles, parking, loading and unloading of vehicles, and accumulation of rubbish. Between the land in common and a public street to the south known as Franklin Lane is another strip of open land owned by the defendants; this strip of land is the disputed area in this case. Finally, adjacent to and west of the common boundary line, and extending north from Franklin

Lane to one of the plaintiff's buildings, is a ten-foot strip of land originally used as a right of way for the passage of people and vehicles.

Over the past several years both the plaintiff and the defendants have increased their business activities on their respective properties. This increased activity has resulted in an increased use of the land in common and the disputed area, which has caused some friction between the parties. When the defendants decided to place some tree planters in the disputed area, the plaintiff sued for an injunction, claiming that the planters would exclude the plaintiff from the disputed area and seriously interfere with his business activities. The plaintiff claimed that he has a right by prescriptive easement to use the disputed area. The trial court rejected the plaintiff's claim.

I.

The plaintiff argues that the trial court committed reversible error in failing to find that the plaintiff and his predecessor in title had used the disputed area for the passage of vehicles to and from the land in common for a sufficient period of time to establish an easement by prescription. However, we do not address the plaintiff's objections to the findings relating to the time period necessary to establish a prescriptive easement. Instead, we hold that two other findings made by the court and not objected to by the plaintiff are sufficient to uphold the trial court's conclusion that no prescriptive easement exists.

A prescriptive easement may be created if the claimant's use of the land is open, notorious, continuous for fifteen years, and hostile or under claim of right. *Patch* v. *Baird*, 140 Vt. 60, 63–64, 435 A.2d 690, 691 (1981). The trial court in this case concluded that the plaintiff did not satisfy the requirement that the use be hostile because the defendants had given the plaintiff implied permission to use the disputed area for ingress to and egress from the land in common. This conclusion is supported by findings No. 28 and 29 to which the plaintiff does not object on appeal. Finding No. 28 states that to the extent the disputed area was available to the plaintiff to gain access to the land in common, the area was also used by customers and employees of the defendants for the

same purposes. Finding No. 29 states that until recently the defendants had no objection to the plaintiff's use of the disputed area for access to the land in common. Although travel upon the claimed right of way by the land's owner does not necessarily negate the "hostile" nature of the claimant's use, *Patch* v. *Baird, supra,* 140 Vt. at 65, 435 A.2d at 692, the owner's permission to use the land does negate the element of hostility. *Id.; Russell* v. *Pare,* 132 Vt. 397, 404, 321 A.2d 77, 82 (1974). As this Court stated in *Plimpton* v. *Converse,* 44 Vt. 158 (1871),

> wherever the owner of land throws it open to the public to pass and repass on in connection with the use to which he appropriates it, the mere use of the land by an adjoining proprietor for a way to his own premises, though that use is uninterrupted, open and notorious, will be presumed to be with the permission of the proprietor, and will not be presumed to be adverse to the owner . . . .

*Id.* at 164. The Court further stated that in order to show a right of way by prescriptive easement, the claimant "must show some act appropriating the way peculiarly to himself, more pronounced and more clearly indicative of a claim of right, than the open and notorious use of the way by himself." *Id.*

The trial court's findings in this case indicate that the plaintiff failed to show that his use of the disputed area was without the defendants' permission. The plaintiff did not object to findings 28 and 29, and a review of the record supports these findings. Since the plaintiff failed to establish the element of hostility, the trial court was correct in finding that no prescriptive easement exists. Other findings to which the plaintiff did object were not necessary to the trial court's conclusion. Unessential findings, even if incorrect, are not grounds for reversal. *Latchis* v. *State Highway Board,* 120 Vt. 120, 126, 134 A.2d 191, 195 (1957).

## II.

The plaintiff also argues that the trial court committed reversible error by deciding that the contract entered into between the plaintiff and his predecessor in title, whereby the

predecessor suspended use of the land in common and the disputed area for 28 days, constituted an interruption of the continuous use that the plaintiff had the burden of establishing to prove the existence of a prescriptive easement. Since we have found that the plaintiff failed to establish the element of hostility, the trial court's finding on the element of continuous use is unnecessary. Thus, even if the finding is incorrect, it is not grounds for reversal since it is unessential. *Latchis* v. *State Highway Board, supra.*

## III.

The plaintiff's final argument is that the trial court erroneously enjoined the plaintiff from using the land in common to have trucks there temporarily for the delivery and removal of merchandise. The plaintiff points out that the land may be used for all reasonable purposes, 25 Am. Jur. 2d *Easements and Licenses* § 77, because the deeds creating the land in common did not proscribe any usages to which the land may be put. The plaintiff contends that the land in common has been used as a place for loading and unloading trucks for over 30 years, and that this constitutes a reasonable use of the land.

■■ The plaintiff's argument contradicts the court's finding No. 20, to which the plaintiff did not object. Finding No. 20 states that, prior to the plaintiff's purchase of his land, the land in common had been used primarily for parking purposes, and not for the loading and unloading of trucks. Thus, the court found that the reasonable use of the land in common is for parking for employees and customers of the plaintiff and the defendants. The plaintiff's use of the land in common to load and unload trucks constitutes an undue interference with the parties' reciprocal rights, as defined by the parties' long usage. Cf. 25 Am. Jur. 2d *Easements and Licenses, supra* ("no use may be made of [a] right of way, different from that established at the time of its creation, so as to burden the servient estate to a greater extent than was contemplated at the time of the grant"). We hold that the trial court correctly concluded that the plaintiff wrongfully interfered with the defendants' use of the land in common by allowing large trucks to obstruct the area for purposes of loading and unloading.

*Affirmed.*