## Clearwater Realty Company and Iris Lash v. Ronald Bouchard and Antoinette Bouchard

[505 A.2d 1189]

No. 84-062

Present: **Hill, Peck, Gibson and Hayes, JJ., and Daley, J. (Ret.), Specially Assigned**

Opinion Filed November 8, 1985

*Georgiana O. Miranda* of *McKee, Giuliani & Cleveland*, Montpelier, for Plaintiffs-Appellants.

*Matthew I. Katz* of *Latham, Eastman, Schweyer & Tetzlaff*, Burlington, for Defendants-Appellees.

**Hill, J.** In this case plaintiffs seek to enjoin defendants' use of a "beach path," so-called, and to limit the width of another disputed right-of-way over plaintiffs' property. The trial court found for the defendants on both claims. Plaintiffs appealed. We affirm.

The facts are as follows. Irish Lash is the sole owner of plaintiff Clearwater Realty Company. Clearwater Realty was originally a partnership formed in 1944 for the purpose of developing a parcel of land on Lake Champlain in Shelburne, Vermont. In 1945 a "Plan of Land of Clearwater Realty Company" was filed in the Shelburne Land Records. The plan shows a road 25 feet in width running from the main Clearwater access road between lots 12 and 13 to the shore of Lake Champlain.

In 1946, Clearwater Realty conveyed to the Conways "a certain parcel of land being a portion of lots 14 and 15 as laid down on a plan of land of Clearwater Realty Company" recorded in the Shelburne Land Records. There was a right-of-way contained in

the deed providing access to the property. The dimensions of the right-of-way were not defined in the deed. The deed also reserved to the grantors the "right to locate, relocate and designate the width" of the right-of-way.

In June 1955, the Conways conveyed their interest in lots 14 and 15 to Mary Levin. Ms. Levin's interest passed to the Chittenden Trust Company, as executor under her will, and was placed in trust near the end of 1974. The right-of-way described in the Conway deed remained undefined.

In 1975, Sam Levin, one of the principal beneficiaries under the trust, contacted Clearwater Realty and inquired about access rights to lots 14 and 15. Shortly thereafter he received a letter from the company informing him that he could lease a 10-foot right-of-way at the northern end of the company's property. Mr. Levin rejected this offer, claiming that he needed a 25-foot right-of-way across Clearwater property to put in a driveway. The company treasurer, one of the original partners and a named grantor in the 1946 deed to the Conways, consented and Mr. Levin thereafter graveled a 25-foot wide right-of-way leading onto lots 14 and 15.

The lakefront property was conveyed to Gerald Rubaud, defendants' predecessor in title, in 1978, in accordance with Mary Levin's will. Defendants, Ronald and Antoinette Bouchard, acquired the two lots in August 1982.

Shortly after the property was conveyed to the defendants, Clearwater Realty filed a notice of relocation purporting to limit defendants to an 8-foot right-of-way. In response to defendants' objections, Clearwater Realty filed a second notice of relocation which defined the right-of-way as being 10 feet wide. Defendants again objected, claiming a right to use the 25-foot right-of-way to gain access to their property.

## I.

The 1946 deed from Clearwater Realty Company conveyed to the Conways a right-of-way over company property. The deed did not specify the location or the dimensions of the right-of-way. Both parties agree, however, that the right-of-way is properly located; the dispute here concerns only its width.

When a deed merely recites a general right-of-way over the servient estate, the owner of the easement is " 'entitled to a

convenient, reasonable, and accessible way, having regard to the interest and convenience of the owner of the land as well as their own.'" *Patch* v. *Baird,* 140 Vt. 60, 66, 435 A.2d 690, 692 (1981) (quoting *Lafleur* v. *Zelenko,* 101 Vt. 64, 70, 141 A. 603, 605 (1928)). More particularly, when the width of an easement is undetermined by the deed "the law says that it shall be of a reasonable width, considering the purpose for which it was intended." *County of Addison* v. *Blackmer,* 101 Vt. 384, 388, 143 A. 700, 701 (1928).

■ The disputed right-of-way in this case was obviously intended to provide access to lots 14 and 15. Thus, the question reduces to what width is necessary to provide reasonably convenient access to defendants' property. The court, after listening to the testimony and visiting the site, found that a "10-foot right-of-way would result in an impossibly sharp turn onto the Defendants' driveway" and that "nothing less than a 25-foot right-of-way would provide a reasonable, convenient, and accessible right-of-way for the Defendants' property." The court also found that a 25-foot right-of-way would not cause the plaintiffs inconvenience or interfere with their use of the servient estate. These findings are fairly and reasonably supported by credible evidence and must therefore stand on appeal. See *Collins* v. *Boudreau,* 141 Vt. 129, 131, 446 A.2d 341, 342 (1982); V.R.C.P. 52(a).

Plaintiffs contend that the aforementioned principle of law relating to the right to reasonably convenient access where right-of-way is undefined is not controlling because the 1946 deed gave them the right to locate, relocate and designate the width of the right-of-way. They claim they exercised this right in October 1982, fixing the width at 10 feet.

■■ The 1946 deed, however, only reserved to the grantors the right to designate the width of the right-of-way in the first instance. The grantors designated the width of the right-of-way when the company treasurer, an agent of the partnership acting within the apparent scope of his authority, acceded to Mr. Levin's 25-foot claim in 1975. See *Raymond S. Roberts, Inc.* v. *White,* 117 Vt. 573, 578, 97 A.2d 245, 248 (1953) (each partner is "an agent of the partnership for the purpose of its business."). See also 11 V.S.A. § 1201(a) of the Vermont Uniform Partnership Act, which provides:

> Every partner is an agent of the partnership for the purpose of its business, and the act of every partner . . . for

> apparently carrying on in the usual way the business of the partnership . . . binds the partnership, unless the partner so acting has in fact no authority to act for the partnership . . . , and the person with whom he is dealing has knowledge of [this fact].

Since there was no evidence presented showing that Mr. Levin knew that the company treasurer lacked the authority to act for the partnership in this capacity, the partnership was thereafter bound and the width of the right-of-way could not be redesignated.

## II.

The beach path dispute can be resolved on the basis of the following findings. In 1945 Clearwater Realty recorded a subdivision plat covering the land in question. It sold lots to defendants' predecessors in title and others through deeds which contained specific references to the recorded plat. The plat pictured a 25-foot-wide road leading from the Clearwater access road to Lake Champlain.

The trial court found that the defendants were entitled to use the beach path right-of-way as it had been dedicated to the public. We agree with this result but not for the reasons stated.

Although a matter of first impression in this jurisdiction, it is a familiar principle of law that where lots are sold by reference to a recorded plat, lot purchasers acquire the right to keep open and use roads, streets, highways, and park areas as indicated on the plat. See, e.g., *Merino* v. *George F. Fish, Inc.*, 112 Conn. 557, 560, 153 A. 301, 302 (1931); *Callahan* v. *Ganneston Park Development Corp.*, 245 A.2d 274, 278 (Me. 1968); *Uliasz* v. *Gillette*, 357 Mass. 96, 102-03, 256 N.E.2d 290, 295-96 (1970); *Gagnon* v. *Moreau*, 107 N.H. 507, 509, 225 A.2d 924, 925-26 (1967); *State* v. *East Shores, Inc.*, 131 N.J. Super. 300, 311, 329 A.2d 585, 591 (1974); *Cohen* v. *Simpson Real Estate Corp.*, 385 Pa. 352, 355-56, 123 A.2d 715, 717 (1956); 23 Am. Jur. 2d *Dedication* § 60 (cases cited therein).

Courts in some jurisdictions have held that lot purchasers only acquire an easement over streets or ways which touch their land or which are necessary for the use and enjoyment of their property. See, e.g., 2 G. Thompson, Commentaries on the Modern Law of Real Property § 371, at 463 & n.25 (1980). The majority posi-

tion, however, and the one we now adopt, is that lot owners acquire rights in all roads, streets, parks, and other designated ways shown on the plat map unless a contrary intent is affirmatively shown. 2 G. Thompson, *supra*, at 461-62 & n.23; *Cohen, supra,* 385 Pa. at 355-56, 123 A.2d at 717.

> The object of the principle is, not to create public rights, but to secure to persons purchasing lots under such circumstances those benefits, the promise of which, it is reasonable to infer, has induced them to buy portions of a tract laid out on the plan indicated.

*Callahan, supra,* 245 A.2d at 278 (quoting *Lennig* v. *Ocean City Association,* 41 N.J. Eq. 606, 609, 7 A. 491, 493 (1886)).

Defendants, as successors in title to the original purchasers of lots 14 and 15, are therefore entitled to use the disputed 25-foot right-of-way from Clearwater road to the beach on Lake Champlain. Since this right is independent of the public's right to use the disputed right-of-way, we do not find it necessary to reach the question as to whether the beach path was dedicated to the public.

*Affirmed.*