Macri et. al. v. Cooke's Letters, Inc., No. 446-9-12 Wmcv (Wesley, J. Jan. 10, 2014).

[The text of this Vermont trial court opinion is unofficial.  It has been reformatted from the original.  The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## VERMONT SUPERIOR COURT

| | |
|---|---|
| **SUPERIOR COURT** <br> **Windham Unit** | **CIVIL DIVISION** <br> **Docket No. 446-9-12 Wmcv** |

| | |
|---|---|
| **James N. Macri, Jane D. Macri, and** <br> **Saxtons Rivers Partners, Inc.** <br> **d/b/a The Dish on Main.** <br> **Plaintiffs.** <br><br> **v.** <br><br> **Cooke's Letters, Inc.,** <br> **Defendant.** | |

### Opinion and Order
### Denying Defendant's Motion for Summary Judgment

Background

Plaintiffs seek injunctive relief and a declaratory judgment on a right to use a driveway. On adjacent improved parcels, Plaintiffs run a non-profit restaurant and Defendant leases property to the U.S. Post Office in Saxtons River, Vermont. Plaintiffs' predecessors used part of the driveway and parking owned by Defendant. Recently, Defendant sought to place barriers at its property line restricting access, including by Plaintiffs.Plaintiffs assert they are entitled by prescriptive easement to full use of the driveway.

On May 2, 2013, the Court issued an order denying cross motions for summary judgment.  The Court noted Defendant was not entitled to summary judgment because 12 V.S.A. § 462 does not protect for-profit entities.  The Court also found disputed material facts as to whether Defendant had given Plaintiffs' predecessors permission to use the land. Similarly, the Court denied Plaintiffs' motion for summary judgment because it could not determine if the prior use was hostile based on the undisputed facts.

On July 25, 2013, Defendant filed a second motion for summary judgment. Defendant renewed its summary judgment request claiming the undisputed facts show it gave permission to Plaintiffs' predecessors to use the driveway.  Defendant now relies on the affidavit of Urbina Shatney, the postmaster of the Saxtons River post office from approximately 1980 until 1999, who stated she allowed Plaintiffs' predecessor to remove a fence dividing the properties. She states the purpose of removing the fence was to allow larger trucks to travel to Plaintiffs' predecessor's property. In addition to Ms. Shatney's affidavit, Defendant has submitted the affidavit of Daniel Cooke, the lease between Defendant and the U.S. Post Office, and many deeds.  Daniel Cooke has provided sworn information about the ownership of Defendant's property and his family's business records.

On August 26, 2013, Plaintiffs opposed the motion for summary judgment. Plaintiffs dispute that the prior use was by permission. To support their argument, Plaintiffs attached a deposition from Urbina Shatney and affidavits from Roger Holmes and Michael Furgat. Roger Holmes was a driver for Plaintiffs' predecessor who testified that no fence existed between 1980 and 1990. Michael Furgat was a resident of Saxtons River who swears details about the historical use of Defendant's property and the absence of any collisions along the driveway. The deposition testimony of Urbina Shatney is arguable at odds with statements in her affidavit on which Defendant now relies.

On September 9, 2013, Defendant responded to Plaintiff's opposition. In this response, Defendant raised a new legal argument. Defendant argued the use of the land was presumptively permissive because it was open to the public. On September 17, 2013, Plaintiffs filed a motion to file a surreply, and a surreply, in order to address Defendant's new argument. Plaintiffs further emphasized their position that disputed facts preclude any conclusions as a matter of law as to whether the driveway has been used by permission during portions of the relevant period necessary to establish an easement by prescription.[1]

Standard of Review

The Court grants summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a). The Court makes all reasonable inferences and resolves all doubts in favor of the non-moving party. *Lamay v. State*, 2012 VT 49, ¶ 6, 191 Vt. 635. Nevertheless, the non-moving party cannot rely solely on the pleadings to rebut credible evidence. *Boulton v. CLD Consulting Eng'rs, Inc.*, 2003 VT 72, ¶ 5, 175 Vt. 413.

Discussion

1. *Use of the Driveway through Actual Permission*

Defendant insists it is entitled to summary judgment claiming no dispute that Plaintiffs' predecessors used the driveway by permission. "To successfully claim an easement through prescription, there must be open, notorious, continuous and hostile use of a right-of-way for fifteen years." *Wells v. Rouleau*, 2008 VT 57, ¶ 8, 184 Vt. 536; *see also* 12 V.S.A. § 501 (setting fifteen years as the statutory period). Open and notorious use is presumed hostile. *Wells*, 2008 VT 57, ¶ 8. As indicated in the Court's May 2, 2013 order, permission can defeat the hostility requirement. Further, permission may be granted through implication. On the other hand, removal of a barrier "is not conclusive evidence" of permission. *Id.* ¶ 16.

There still are disputed material facts about whether Defendant gave Plaintiffs' predecessors permission to use the driveway. Ms. Shatney swears in her affidavit that she allowed Plaintiffs' predecessor to remove a fence to gain broader access to the driveway. On the

---

[1] While provision for a surreply is not explicit in V.R.C.P.56, the Court concludes that there is no serious doubt as to its discretion to allow it. The facts here well illustrate the need for such discretion, in order to allow a party to respond to new issues raised in the memorandum in opposition. *See, e.g. New England Youth Theatre, Inc. v. Envt'l Compliance Servs.*, 128-4-12 Wmcv, 2013 WL 1866895 (Vt. Super. Ct. Feb. 26, 2013) (Carroll, J.)

2

other hand, her deposition also indicated that she considered the fence to be a safety hazard.  Ms. Shatney's deposition testimony also indicates, at least when read in the light most favorable to Plaintiffs, some question as to her intent to give the broad permission claimed by Defendant. Plaintiffs also presented affidavits that indicated there was neither a fence nor a safety hazard. Additionally, removal of a barrier alone is not enough to show permission. *See id.*  Review of the conflicting testimony indicates that there is a disputed material fact as to whether Defendant gave Plaintiffs' predecessors permission. *See Lamay*, 2012 VT 49, ¶ 6.

2.  *Permission through Public Use*

Defendant's argument that permission must be inferred because the driveway was open to the public as part of the U.S. Post Office is no better established than its claim of actual permission. To support its argument, Defendant cites *Greenberg v. Hawden*. 145 Vt. 112, 115 (1984).

> wherever the owner of land throws it open to the public to pass and repass on in connection with the use to which he appropriates it, the mere use of the land by an adjoining proprietor for a way to his own premises, though that use is uninterrupted, open and notorious, will be presumed to be with the permission of the proprietor, and will not be presumed to be adverse to the owner....

*Id.* (quoting *Plimpton v. Converse*, 44 Vt. 158 (1871)).

These cases stand for the proposition that facts from which public use might be found justify a jury instruction as to a presumption of permission, assuming the jury finds that such facts have been established. *Greenberg*  a 114-15, *Plimpton* at 165-66.  Conceivably there are facts here which also will implicate the presumption. Yet, as already explained, those facts are not undisputed on the current record. Indeed, Plaintiff has adduced evidence that the U.S. Post Office had attempted to stop customers of Plaintiffs' predecessor from parking in the lot. The application of the presumption is therefore a factual question that does not resolve this motion for summary judgment.

*Community Feed Store, Inc. v. Northeastern Culver Corp.* also shows the limits of Defendant's argument. *See* 151 Vt. 152, 159–60 (1989). In *Community Feed Store*, the plaintiff operated an animal feed store. *Id.* at 153–54.  The defendant owned a gravel area that the plaintiff's customers used for decades. *Id.* at 154.  Plaintiff claimed a prescriptive easement over the gravel area. *See id.* at 155–56. The defendant argued for permission based on public use. *Id.* at 160.  The Vermont Supreme Court found that the case did not involve the "generalized public use" required to invoke the presumption of permission. *Id.*; *see also Begin v. Barone*, 124 Vt. 421, 423 (1965) (discussing the correct application of permission through public use).

In this case, there is a factual dispute about whether Defendant gave Plaintiff's predecessors permission. At least for the purpose of a motion for summary judgment, it is unclear if use of the driveway was open to the general public. *See Cmty. Feed Store*, 151 Vt. at 160. Defendant will have to show sufficient facts at trial for the presumption to operate. *See Plimpton*, 44 Vt. at 165–66.  Therefore, the Court cannot grant Defendant's motion for summary

judgment based on the claim of permission implied from public use. *See Cmty. Feed Store*, 151 Vt. at 160.

## Order

**WHEREFORE** it is hereby **ORDERED**: The Court **DENIES** Defendant's motion for summary judgment. The case will be set for a one day trial as soon as the docket allows.

Dated at Newfane, Vermont on January 10, 2014.

John P. Wesley
Superior Court Judge