Filed 12/08/25

VERMONT SUPERIOR COURT

Orleans Unit
247 Main Street
Newport VT 05855
802-334-3305
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 25-CV-03957

| Christopher Pion v. Wayne Richardson et al |
| :---: |

## ENTRY REGARDING MOTION

Title:      Motion for Preliminary Injunction (Motion: 1)
Filer:      William F Grigas
Filed Date: September 11, 2025

Plaintiff Christopher Pion seeks a preliminary injunction requiring defendants Wayne and Melanie Richardson to permit Christopher to use Keep-Out Drive in Lowell to access property he owns. The court held a hearing on the motion on December 3, 2025. For the reasons set forth below, the motion is granted.

### Findings of Fact

The court finds the following facts established by a preponderance of the evidence introduced at the motion hearing:

- The parties are neighboring property owners in Lowell and have known each other for decades.

- The Richardsons live on property located at 314 Keep-Out Drive.

- Christopher owns property located at 175 Keep-Out Drive that he uses for maple sugaring and operating a small sawmill. There are also several cabins located on the property.

- The parties and their families have lived on the properties and surrounding lots for many years. Christopher acquired ownership of his lot from his father in 2002.

- Since owning his property, Christopher has always used the gravel road known as Keep-Out Drive to access his property. Keep-Out Drive runs from Buck Hill Road and crosses the Richardsons' property for approximately 400 feet. Christopher has no express easement to use Keep-Out Drive.

- Christopher credibly testified that his father helped improve Keep-Out Drive before Christopher acquired the property, and Christopher has at least occasionally maintained and plowed the road between acquiring the property in 2002 and

December 2024, and that he never sought or obtained the Richardsons' permission to use or maintain Keep-Out Drive.

- Christopher has an easement for a right-of-way across a neighboring relative's property that would allow him to access his property from Buck Hill Road without crossing the Richardsons' property. There is no established road along that easement, and Christopher estimated it would cost tens of thousands of dollars to install a road. Access is possible by foot or off-road capable vehicles such as a four-wheeler or a skid steer.

- There is currently no other way to access Christopher's property by car or truck except by using Keep-Out Drive.

- Christopher formerly worked for the Town of Lowell doing road maintenance and plowing work but quit his job in late 2024 with plans to work full-time on the Keep-Out Drive property, including by doubling the size of his sugaring operation (from approximately 2,000 to 4,000 taps).

- In or about December 2024, Christopher visited his property with plans to plow the road and found that the Richardsons had roped off Keep-Out Drive at their property line. Christopher removed the rope and continued plowing the road.

- The Richardsons had previously roped off Keep-Out Drive in past winters, but not consistently, and it had never become a source of conflict between the parties. It is unclear from the current record how often Christopher previously accessed his property during the winter months, whether he ever knew the Richardsons had roped off the road, or whether he was ever unable to access his property from Keep-Out Drive before December 2024.

- Following the December 2024 incident, the Richardsons for the first time took the position that Christopher could not cross their property on Keep-Out Drive at any time without the Richardsons' permission.

- The parties reached a temporary agreement allowing Christopher access during the 2025 sugaring season, but that agreement expired in May. Christopher has not been able to access his property using Keep-Out Drive since that time.

- As a result of not being able to use Keep-Out Drive, Christopher has not been able to drive a truck to his property and has not been able to expand his sugaring operation as planned or prepare for the 2026 sugaring season. By being unable to access his mill, he has lost business opportunities to mill road markers for the Towns of Newport Center and Westfield. More generally, he has not been able to access and enjoy his property to the full extent that he previously enjoyed.

**Conclusions of Law**

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Taylor v. Town of Cabot*, 2017 VT 92, ¶ 19, 205 Vt. 586, 596, 178 A.3d 313 (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)). The movant bears the burden of establishing that the relevant factors call for the imposition of a preliminary injunction. *Id.* Those factors are: "(1) the threat of irreparable harm to the movant; (2) the potential harm to the other parties; (3) the likelihood of success on the merits; and (4) the public interest." *Id.* (citation omitted).

The burden has been met here. Christopher credibly testified that he has lost business opportunities and cannot readily access his property because he is unable to cross the Richardsons' property using Keep-Out Drive. Both the loss of business opportunities and the denial of access to one's real property have been held to constitute irreparable harm. *See, e.g.*, *Register.com, Inc. v. Verio, Inc.*, 356 F.3d 393, 404 (2d Cir. 2004) (business opportunities); *Weston v. Mcmahan*, No. 23-CV-02678, 2024 WL 409038, at *1 (Vt. Super. Ct. Jan. 25, 2024) (Hoar, J.) (access to property). The Richardsons, by contrast, have not shown they will be harmed if Christopher is permitted access to Keep-Out Drive while the case is pending.

Turning to the merits, the court construes Christopher's complaint as seeking a prescriptive easement to access his property by traveling over the Richardsons' property on Keep Out Drive.[1]

"To establish a prescriptive easement, plaintiff's use of the land must have been open, notorious, continuous for fifteen years, and hostile or under claim of right." *Schonbek v. Chase*, 2010 VT 91, ¶ 8, 189 Vt. 79 (quotation omitted); *Cmty. Feed Store, Inc. v. Ne. Culvert Corp.*, 151 Vt. 152, 156 (1989) (describing the elements as "open, notorious, hostile and continuous use over a fifteen-year period in which the fee owner has acquiesced"). "These elements are essentially the same as those required to gain title to land by adverse possession," except that adverse possession additionally requires "that the claimant must maintain exclusive possession of the claimed property during the statutory period." *Id.* (quoting Restatement (Third) of Property: Servitudes § 2.17 cmt. a). For prescriptive easements, however, the "use need not be, and frequently is not, exclusive." *Id.* The extent of the property right acquired must be determined by the extent of the plaintiff's use of the property that is open, notorious, continuous for fifteen years, and hostile or under a claim of right. *See id.*, ¶ 8; *Cmty. Feed Store, Inc.*, 151 Vt. at 156 (quotation omitted).

---

[1] Christopher does not claim he had exclusive use of Keep-Out Drive and he is not requesting that the court award him exclusive use. Rather, he is seeking use of the road as a right-of-way to access his property. In other words, he is seeking a prescriptive easement.

Here, there is no dispute that Christopher's use of Keep-Out Road since 2002 has been open, notorious, and continuous for more than fifteen years. The question thus becomes whether his use was "hostile or under a claim of right." *See Schonbek*, 2010 VT 91, ¶ 8. The answer to this question, in effect, depends on whether Christopher's use of the road between 2002 and 2017 (fifteen years) was subject to the Richardsons' permission. *See Greenberg v. Hadwen*, 145 Vt. 112, 115 (1984) (permission "negate[s] the element of hostility"). Based on the current record, the court finds that Christopher regularly accessed Keep-Out Drive from 2002 to at least 2017 without the Richardsons' permission.[2] The court thus concludes the hostility element is satisfied, and that Christopher has demonstrated a likelihood of success on his claim for a prescriptive easement.

Finally, the public interest does not play a significant factor in the analysis, as the current dispute is between two adjoining landowners over whether one may access a private road that crosses the other's property. The court's resolution of the pending motion is unlikely have any significant public impact.

Having considered the relevant factors, the court concludes that a preliminary injunction is warranted.

## Order

The motion for a preliminary injunction is GRANTED. During the pendency of this action, Defendants Wayne and Melanie Richardson are required to permit Christopher Pion to use Keep-Out Drive as a right-of-way to access his property at 175 Keep-Out Drive.

Electronically signed on: 12/5/2025 pursuant to V.R.E.F. 9(d)

_____
Benjamin D. Battles
Superior Court Judge


Electronically signed December 3, 2025, pursuant to V.R.E.F. 9(d).

_____
Sean Selby
Assistant Judge

---

[2] This is not a situation where permission can be implied based on a landowner opening a right-of-way "to the public to pass and repass," as there is no basis in the record to conclude that Keep-Out Drive have ever been opened to the general public. *See Greenberg*, 145 Vt. at 115 (quotation omitted).