In re Richard Fadden

[530 A.2d 560]

No. 84-557

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes\*, JJ.**

Opinion Filed May 8, 1987

---

\* Justice Hayes was present for oral argument but did not participate in the decision.

*Carlyle Shepperson*, Barre, for Petitioner-Appellant.

*Jane Woodruff*, Washington County Deputy State's Attorney, Barre, for Respondent-Appellee.

**Peck, J.** This case involves the propriety of court-ordered restitution to an arson victim for the intentional infliction of emotional distress, in accordance with the terms of a plea agreement under which petitioner was sentenced in an arson case. Richard Fadden (petitioner) appeals the Washington Superior Court's denial of his petition for post-conviction relief, which was brought under the provisions of 13 V.S.A. § 7131. We affirm.

Petitioner is not incarcerated, but he seeks relief from conditions of probation that require him to make restitution. On appeal, he challenges the evidentiary basis for several findings of fact made by the superior court, and he raises for our consideration the issues described below. First, he contends that the sentencing court's imposition of the restitution conditions abrogated his rights to due process of law and to trial by jury in civil proceedings. He also maintains that these conditions are illegal under Vermont statutes and case law, arguing that they call for payment of punitive, unliquidated, and speculative damages; that the restitution is not for damage or injury sustained as a direct consequence of the crime; that the payment is made to persons other than the victim; that the court did not consider his ability to pay; and that the restitution is not reasonably necessary for rehabilita-

tion. Finally, petitioner argues here for the first time that considerations of public policy require that the restitution conditions be vacated.

On January 3, 1983, petitioner was arraigned on a charge of first-degree arson in connection with the burning of a female friend's home. He entered a plea of not guilty, but on June 29, 1983, after lengthy negotiations with the State, he changed his plea to nolo contendere. Under the terms of the plea agreement, the prosecution would recommend a sentence of two to four years, all suspended except for twenty weekends. In exchange, petitioner agreed to certain conditions of probation, including a condition that he pay the sum of $20,000 in restitution to the victim. Sentencing was delayed until August 15, 1983, so that he could make financial arrangements to ensure payment. At the sentencing hearing, his counsel informed the court that the proposed plea agreement had been finalized and the necessary documents prepared. After the terms of the agreement had been reviewed, the court approved the plea bargain and imposed sentence according to its terms. The parties then completed the documentation, and the victim executed a written release of liability, accepting the $20,000 "for the intentional infliction of emotional harm" *but expressly preserving the rights of her insurance carrier.*

In December of 1983, the victim's insurer brought an action against petitioner for the purpose of recovering a substantial amount paid by the insurer to the victim as compensation for her property damage. Petitioner did not move to withdraw his plea, but, on March 15, 1984, he petitioned the Washington Superior Court for post-conviction relief. The superior court denied the petition, and this appeal followed.

As a threshold matter, we note that petitioner has requested an inappropriate form of relief. His petition seeks to have the restitution conditions of his probation vacated, but this Court will not allow a defendant "to escape the obligations of a plea bargain agreement after accepting the benefits thereof." *State* v. *Haynie*, 186 Mont. 374, 381, 607 P.2d 1128, 1132 (1980). Petitioner has received the benefit of his bargain: he was required to serve only twenty weekends in jail for the crime of first-degree arson. Therefore, vacating the probation conditions that represent his primary obligation under the agreement would be unjustifiable, and we will treat the petition as a request to have his

sentence vacated and the case remanded for sentence reconsideration.

Certain other aspects of this case require further comment. Petitioner's testimony in the superior court, as well as the factual context, indicates that he is seeking relief from his total financial exposure under the terms of the plea agreement. Despite the express preservation of the insurer's rights in the written release of liability, petitioner testified that he believed the $20,000 payment precluded further claims against him. Nevertheless, he does not argue any material misunderstanding of the terms of the agreement or of the insurer's rights reserved in the release of liability which he signed. Instead, he presents a range of constitutional and statutory arguments in support of the claim that his sentence was imposed illegally, and he challenges the superior court's findings of fact regarding these issues.

We begin with a review of the superior court's findings numbered 3, 7, 10-13, 17 and 19, which petitioner contends are unsupported by the evidence. Where a post-conviction court's findings of fact are challenged on appeal, they will be upheld unless they are clearly erroneous. *In re Kivela*, 145 Vt. 454, 457, 494 A.2d 126, 128 (1985). The findings will stand if supported by any credible evidence. *In re Bousley*, 130 Vt. 296, 300, 292 A.2d 249, 253 (1972). Even where the record reveals conflicting evidence, this Court will defer to the judgment of the post-conviction court. *In re Stevens*, 144 Vt. 250, 254-55, 478 A.2d 212, 214 (1984).

In its Finding No. 3, the superior court stated that petitioner had entered his plea of nolo contendere on August 15, 1983. In fact, the change of plea occurred on June 29, 1983, and this finding is clearly erroneous. However, this finding was not a necessary basis for the court's conclusions of law, and unessential findings, even if incorrect, are not grounds for reversal. *Greenberg* v. *Hadwen*, 145 Vt. 112, 115, 484 A.2d 916, 918 (1984).

Finding No. 7 states simply that he entered his plea pursuant to a plea agreement. He argues that the testimony at the hearing implied that the plea agreement was not finalized until the sentencing hearing. The transcript of the post-conviction relief hearing included a great deal of testimony regarding the plea negotiations and the plea agreement itself. Some of this testimony was elicited from petitioner himself, who stated that certain property was discussed as "part of the plea agreement." Thus, ample evi-

dence supported the superior court's finding that his plea was entered pursuant to a finalized plea agreement.

In Findings 10, 11, and 12, the court found petitioner testified that he believed he would not be exposed to civil liability, that he could not have concluded reasonably that such an agreement had been reached, and that he agreed to make restitution in the amounts specified. We find substantial evidence in the record in support of these findings, and petitioner's arguments are without merit.

Petitioner next challenges Finding No. 13, in which the court found no credible evidence of any statement, promise, or representation that could lead him to believe that he had been released from all civil liability. He does not direct our attention to any such evidence, and the finding must stand.

In Finding No. 17, the superior court found that petitioner's assets were discussed during the extensive plea negotiations. Defendant argues that his assets were not discussed, and notes that 28 V.S.A. § 252(b)(6) requires consideration of a defendant's ability to pay in cases where restitution is ordered.[1] The transcript includes testimony by petitioner that the plea negotiations were lengthy, that the proposed restitution figure was initially $50,000 and was reduced to $20,000, and that he had real property of sufficient value to guarantee payment of that amount. This evidence supports the court's finding that his assets were discussed during the negotiations.

Petitioner contests Finding No. 19, which states: "The trial court determined that the money . . . satisfied the actual damages including the emotional damage." He maintains that such a determination, which is mandated by our interpretation of 28 V.S.A. § 252(b)(6) in *State* v. *Curtis*, 140 Vt. 621, 443 A.2d 454 (1982), could not have been made because the sentencing court did not determine that the victim suffered any damages. At the sentencing hearing, petitioner's attorney stated: "I think we

---

[1] 28 V.S.A. § 252(b)(6) provides: "When imposing a sentence of probation, the court may, as a condition of probation, require that the offender:

. . . .

(6) Make restitution or reparation to the victim of his conduct for the damage or injury which was sustained. When restitution or reparation is a condition of the sentence, the court shall fix the amount thereof, which shall not exceed an amount the defendant can or will be able to pay, and shall fix the manner of performance; . . . ."

pretty much covered everything in chambers. There is an agreement, there is some papers to sign." Among these papers was the release of liability, which specified that the restitution was for the emotional distress incurred by the victim. Thus, the terms of the agreement were discussed both in chambers and in open court, and this constitutes some evidence in support of the finding at issue. We find no reversible error in the superior court's findings of fact.

■ We next consider the substance of petitioner's arguments for post-conviction relief. We begin with his claim that the imposition of restitution conditions violated his right to trial by jury in civil cases,[2] guaranteed by Chapter I, Article 12 of the Vermont Constitution. Because the restitution payments were for tort damages, i.e., for the intentional infliction of emotional distress, he maintains that the sentencing court disposed of issues which should have been decided by a jury in civil proceedings. There is no need to reach this constitutional issue. The conditions were the product of lengthy negotiations between petitioner and the State, and petitioner accepted them voluntarily. To the extent that the agreement addressed civil issues, it operated as a stipulation and resolved any questions of civil liability and damages. We hold that, under the facts presented, petitioner's right to trial by jury was not triggered and, therefore, was not violated.

Petitioner also contends that his right to due process of law was abrogated, arguing that he was not notified of the maximum possible penalty before entering his plea, that there was no formal determination of the amount of damages due, and that the sentencing hearing involved a coercive environment rather than a meaningful opportunity to be heard. First, V.R.Cr.P. 11(c)(2) requires that the trial court advise a defendant of the maximum possible penalty provided by law before accepting a plea of guilty or nolo contendere. Here, the record reveals that the sentencing court informed petitioner that the maximum penalty for first-degree arson, under the terms of 13 V.S.A. § 502, is ten years imprisonment, a fine of $2,000, or both. But because the court prescribed payment of restitution, as a condition of probation, in the amount of $20,000, petitioner argues that he was not actually no-

---

[2] In the criminal context a plea of nolo contendere includes waiver of the right to trial by jury under Chapter I, Article 10 and the Sixth Amendment. *In re McMorrow*, 133 Vt. 472, 474, 346 A.2d 218, 220 (1975).

tified of the *maximum* penalty. Thus, petitioner argues implicitly that the term "penalty," as used in Rule 11(c)(2), incorporates both the maximum statutory penalty for first-degree arson and the amount of restitution. We need not resolve that issue here because, even if petitioner is correct, the amount of restitution was determined through his own negotiated agreement.[3] Clearly, he knew what this amount was to be, and we will not require the trial court to perform a useless gesture. See *State* v. *Thorstad,* 261 N.W.2d 899 (N.D. 1978) (justice does not require idle act of holding restitution hearing once defendant has agreed to make restitution as part of plea agreement).

We reject petitioner's remaining due process arguments on similar grounds. Once petitioner had agreed to make restitution in the amount of $20,000, any formal determination of the damages due would be a profitless endeavor. Moreover, although the record includes no indication that the sentencing hearing could be characterized as a coercive environment, petitioner's own plea bargain agreement was heard and accepted. Under these circumstances, we find no prejudicial abrogation of his right to due process of law.

■ Next, we consider petitioner's statutory and common law arguments. He argues first that the sentencing court did not comply with statutory procedures for ordering restitution, as provided by 28 V.S.A. § 252 and relevant case law. However, on the basis of Finding No. 17 and other findings not challenged by petitioner, the post-conviction court concluded that the sentencing court adhered to the statutory procedures, and we have upheld that court's findings. Furthermore, although we need not decide the issue, the applicability of statutory procedures for imposing restitution as a condition of probation is uncertain where the restitution is the product of a plea bargaining agreement. See, e.g., *Thorstad,* 261 N.W.2d at 901 (restitution statute held inapplicable where restitution condition is result of plea bargain agreement).

Finally, petitioner argues that the restitution conditions at issue do not satisfy the requirements of *State* v. *Barnett,* 110 Vt. 221, 3 A.2d 521 (1939). In *Barnett,* the defendant pleaded nolo

---

[3] We also note that the restitution here was not technically a penalty but a condition of probation; the penalty imposed was the sentence of two to four years imprisonment, all suspended except for sixty days.

contendere to charges of leaving the scene of an accident, and he was placed on probation. The conditions of probation included the requirement that the defendant pay $10 per week to the victim of the accident until restitution in the amount of $1500 had been accomplished. When the defendant eventually failed to comply with this and other conditions, he was taken into custody and resentenced. On appeal, this Court noted that the record included no indication of the nature of the damage incurred, the amount of damage, or how the damage occurred. We stated that the only possible inference was that the damages claimed did not result from the defendant's failure to stop and render aid, and we held that where restitution is a condition of probation, it must be for losses sustained as a direct consequence of the crime of which the defendant is convicted. *Id.* at 231-32, 3 A.2d at 525.

Here, petitioner notes the distinct differences between the tort of intentional infliction of emotional distress and the crime of arson. Because the restitution was for emotional damages, he contends that it was not for losses sustained as a direct consequence of arson. However, the post-conviction court found that the restitution was for the victim's actual damages. Furthermore, unlike the situation in *Barnett*, the record here includes a clear indication of the form and amount of damages, as well as evidence of how the damage occurred. Thus, petitioner's reliance on *Barnett* is misplaced.

For purposes of this case, it is unnecessary to determine whether, in the absence of a plea agreement permitting it, an award for "emotional distress" is proper under 28 V.S.A. § 252(b).[4]

There was no error of reversible magnitude.

*Affirmed.*

---

[4] Nor do we address petitioner's arguments regarding policy considerations. These arguments lack focus, and they ignore the significance of petitioner's plea bargain agreement. They are also raised for the first time in this Court, and in general, we will not consider such issues. See *State* v. *Emilo*, 145 Vt. 405, 410, 491 A.2d 341, 344 (1985).