# State of Vermont v. Gregory Whitchurch

[577 A.2d 690]

No. 89-035

Present: Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.

Opinion Filed May 25, 1990

Motion for Reargument Denied September 5, 1990

 

*Jeffrey L. Amestoy,* Attorney General, Montpelier, and *Thomas J. Rushford,* Assistant Attorney General, Waterbury, for Plaintiff-Appellee.

*Bauer, Gravel & Watson,* Burlington, for Defendant-Appellant.

**Dooley, J.** Defendant, Gregory Whitchurch, appeals from denial of his motion by the trial court to strike one of his probation conditions. We affirm.

On May 29, 1986 defendant was charged with lewd and lascivious conduct in violation of 13 V.S.A. § 2601. He entered a plea of nolo contendere and, pursuant to a plea agreement, consented to a suspended sentence of four to five years imprisonment. The terms of probation were included in the agreement and included the following conditions:

> #21. You shall not reside with your children nor contact your children in any manner unless approved by the probation officer approved therapist and your probation officer. In addition you shall not initiate, maintain, or establish contact with any other minor child, nor attempt to do so nor reside in the same residence with other minor children.

> #22. You shall not initiate, maintain or establish contact with any person under age of 16 years nor attempt to do so, nor reside in the same residence with such other person without permission of probation officer approved therapist and your probation officer.

The plea agreement and the probation warrant were signed by defendant.

On August 20, 1987, more than a year later, defendant sought to modify these conditions. Defendant claimed that condition #21 was overbroad and violated his federal and state constitutional rights of due process, association and privacy. He argued that he was precluded from contacting his son, G.W., even though the son was not involved in the adjudicated offense. On November 13, 1987, defendant filed a memorandum and sought to strike probation conditions #21 and #22. He offered no evidence in support of this motion.

On July 18, 1988, the court denied defendant's motion to strike, but modified the conditions to read as follows:

#21. You shall not reside with your children, nor contact your children in any manner unless approved by your probation officer.

#22. You shall not initiate, establish or maintain contact with any minor, nor attempt to do so, nor reside in the same residence with any minor without the approval of your probation officer. The following circumstances are excepted from this condition:

(a) When the minor is in the physical presence of his/her parent or legal guardian;

(b) When the minor is engaged in a regular commercial or business activity, the defendant may engage in the normal business or commercial activity with said minor, provided the activity takes place in an area open to public view.

(c) When the defendant is present in a public area, as long as the defendant is not associating with a minor, and the public area is not one frequented mainly or exclusively by minors.

In reaching its result, the court relied in part on facts it derived from the file for the juvenile proceeding involving defendant's daughter. Because the court took judicial notice of facts from the separate juvenile case, it allowed the defendant to file a request for a hearing on the facts pursuant to V.R.E. 201(e).

In this Court, defendant claims that: (1) the lower court erred in its application of V.R.E. 201 to judicially noticed material from a juvenile case as a basis for its denial of defendant's motion to modify condition #21; and (2) condition #21 is invalid

because it was beyond the authority of the court, based on an inadequate record and violative of defendant's constitutionally protected liberty interests. We take the issues in reverse order.

The authority for the imposition of probation conditions is contained in 28 V.S.A. § 252. That section authorizes the court to impose such conditions as it "deems reasonably necessary to ensure that the offender will lead a law-abiding life or to assist him to do so." *Id.* § 252(a). It goes on to authorize twelve specific types of conditions, ending with the authorization for the court to require the defendant to "[s]atisfy any other conditions reasonably related to his rehabilitation." *Id.* § 252(b)(13). The parties agree that if there is authority for condition #21 in this case, the authority comes from this "catchall" provision.

In *State v. Peck*, 149 Vt. 617, 623, 547 A.2d 1329, 1333 (1988), we announced as a general rule that a probation condition is valid if it is reasonably related to the crime for which the defendant was convicted. *Peck* is based on the leading California case of *People v. Lent*, 15 Cal. 3d 481, 541 P.2d 545, 124 Cal. Rptr. 905 (1975). *Lent* holds that a probation condition will be found valid unless: (1) it has no relationship to the crime for which the defendant was convicted; (2) it relates to conduct which is not itself criminal; and (3) it requires or forbids conduct which is not reasonably related to future criminality. *Id.* at 486, 541 P.2d at 548, 124 Cal. Rptr. at 908.

The limitations on probation conditions are also discussed in the American Bar Association, Standards for Criminal Justice 2d § 18-2.3. Section 18-2.3(e) provides that "conditions imposed by the court should be reasonably related to the purposes of sentencing, including the goal of rehabilitation, and should not be unduly restrictive of the probationer's liberty or autonomy." It goes on to provide that where fundamental rights are involved, special care should be used to avoid overbroad or vague restrictions. The section authorizes conditions that restrict the probationer from "consorting with specified types of people." *Id.* § 18-2.3(f)(vii).

■ Compliance with the requirements set forth in *Lent* and the ABA Standards will result in probation conditions that meet constitutional and statutory mandates. See Weissman, *Constitutional Primer on Modern Probation Conditions*, 8 New Eng.

J. on Prison L. 367, 376 (1982) (associational restrictions supported by the evidence of reasonable relationship to crime prevention will be upheld); Greenberg, *Probation Conditions and the First Amendment: When Reasonableness is Not Enough*, 17 Colum. J.L. & Soc. Probs. 45, 85 (1981) (conditions should be valid if reasonably related to rehabilitation, and if not overbroad or vague). Using standards similar to those in the ABA Standards or *Lent*, a number of courts have upheld probation conditions similar to #21 in this case. See, e.g., *Nitz v. State*, 745 P.2d 1379, 1381 (Alaska Ct. App. 1987) (defendant convicted of lewd and lascivious act toward a child properly subject to probation condition that prohibited contact with his daughter and other girls under 18 years); *Rodriguez v. State*, 378 So. 2d 7, 10 (Fla. Dist. Ct. App. 1979); *State v. Credeur*, 328 So. 2d 59, 64 (La. 1976) (special probation condition that prevented contact with defendant's children reasonable where sexual abuse crime involved defendant's children); *People v. McAllister*, 150 A.D.2d 913, 914, 541 N.Y.S.2d 622, 622 (1989) (where defendant was convicted of sexual intercourse with his step-daughter, condition could prevent contact with his step-daughter and daughters); *State v. Crocker*, 96 Or. App. 111, 114–15, 771 P.2d 1026, 1027–28 (1989) (where defendant was convicted of raping his daughter, condition valid which prohibited his presence in residence or vehicle with child of either gender under 18 years); *Ramaker v. State*, 73 Wis. 2d 563, 566, 243 N.W.2d 534, 536 (1976) (condition prohibiting association with minor children proper for defendant convicted of child molestation).

The main thrust of defendant's argument is that there is nothing in the record relating the probation condition to the crime for which defendant was convicted or to his rehabilitation. In order to address this argument, we must review the proceedings up to this point. The original charge against defendant was that he committed lewd acts on the body of his daughter. He entered into a plea agreement which specified the probation conditions that would be imposed upon him. The court accepted the plea agreement and, without requesting a presentence investigation, sentenced the defendant. See V.R.Cr.P. 11(e)(2) (court can accept plea agreement before ordering presentence investigation and bind itself to the sentence in the agreement). Because of the plea agreement, almost no

information in support of the sentence was placed on the record. There was an extensive discussion between counsel and the court that showed that the probation conditions were part of the negotiation and agreement.

██ Under our precedents, the probation conditions contained in the original sentence represent a contract between the probationer and the court. See *State v. Foster*, 151 Vt. 442, 445, 561 A.2d 107, 108 (1989). The court may modify those conditions where the modification is sought by the defendant. See 28 V.S.A. § 253(a); *State v. Day*, 147 Vt. 93, 96, 511 A.2d 995, 997–98 (1986). If the modification results in the probationer escaping part of the obligation of a plea agreement after accepting its major benefit, it may be incumbent on the court to vacate and reconsider the whole sentence. See *In re Fadden*, 148 Vt. 116, 118–19, 530 A.2d 560, 562 (1987).

In this case, defendant used the modification procedure to attack part of the probation conditions as unlawful. While we find this procedure somewhat unusual in view of defendant's plea agreement, we cannot say that it is barred. Nevertheless, we do not foreclose the possibility that granting defendant the relief requested would have constituted such a breach of the plea agreement that the original judgment and sentence could be reopened. See V.R.Cr.P. 11(e)(4).

██ Since defendant was seeking relief here, he had the "burden of demonstrated entitlement to remedy." *Sherwin v. Hogan*, 136 Vt. 606, 608, 401 A.2d 895, 896 (1979). He failed to carry that burden by supplying a factual record on which the court could determine the validity of the probation condition in relation to the specific conduct involved in the crime. Instead, defendant attempted to ground his attack on the absence of a record at sentencing, an absence directly caused by the fact that he entered into a plea agreement. It would be wholly inappropriate to ground relief on the failure of the record to show a sufficient connection between the offense and the probation condition where defendant's agreement to the probation condition caused the absence of a record. In effect, it would shift the burden of proof on modification of probation from the defendant to the State and the court.

■ In light of the absence of a record, we must treat defendant's motion as a facial attack on the probation condition. He could be successful in such an attack only if the condition could not be justified by any set of circumstances. In only one instance has such a facial attack been successful in this Court. In *State v. Bubar*, 146 Vt. 398, 405, 505 A.2d 1197, 1201–02 (1985), this Court struck down a probation condition that prohibited the defendant from being in the presence of a female person, other than his wife, unless another adult was present. We held that the probation condition was so broad that compliance was beyond the defendant's control, and thus the condition was invalid. *Id.*

■ Condition #21 in this case, after the trial court's amendment, is neither overbroad nor vague. Unlike the condition in *Bubar*, compliance with this condition lies within defendant's control. Depending upon the facts underlying defendant's conviction, the condition meets the test of *Lent* and the requirements of the applicable ABA Standard. It is the type of condition that has been approved by other courts. We must assume that the requisite factual connection is present because, as discussed above, this is a facial attack on the condition. There was no error in the refusal of the trial court to strike condition #21.

■ In view of our disposition of the challenge to the validity of the probation condition, the other issue raised by defendant is irrelevant to the outcome. Since defendant made only a facial attack on the probation condition, the trial court was under no obligation to develop a factual record to support the condition. Thus, the court's use of the records from the juvenile case of the daughter was harmless, if error at all.

*Affirmed.*