¶ 74.
Skoglund, J.,
dissenting in part. I wholeheartedly agree with the majority’s resolution of this case except for its conclusion that Condition S, which requires defendant to repay charges for public-defender legal services, is sufficiently linked to his conviction because the legal costs were incurred for his defense. The condition lacks any reasonable relationship to defendant’s crime or rehabilitation. Further, it is a blatant attempt at using probation as a debt-collection agency. I dissent.
¶ 75. Defendant was convicted of disorderly conduct and grossly negligent operation of his motor vehicle. There is nothing in this case that suggests that defendant’s crime was in any way related to a failure to satisfy financial obligations, manage his finances, or comply with court orders. See State v. Peck, 149 Vt. 617, 623, 547 A.2d 1329, 1333 (1988) (requiring that conditions be “reasonably related” to defendant’s rehabilitation). I can conceive of no analysis that makes this condition of probation a means of ensuring that defendant will lead a law-abiding life or help him to do so. 28 V.S.A. § 252(a). Thus, the probation condition requiring defendant to repay amounts due for public-defender services lacked a sufficient nexus to his criminal conduct or rehabilitation. State v. Whitchurch, 155 Vt. 134, 137, 577 A.2d 690, 692 (1990).
*296 ¶ 76. When a public defender is assigned to represent a defendant in a criminal case, it is because the court has determined that the defendant cannot afford private counsel at his own expense without undue hardship. 13 V.S.A. §§ 5231, 5236. Payment and expenses of assigned counsel are made from funds appropriated to the Office of the Defender General for the compensation of assigned counsel. Id. § 5205(c). The costs of representation and accompanying services, such as clerical support, investigative services, and, if the court finds them necessary, laboratory tests, come from the budget of the Defender General. The trial courts bear no responsibility for the Defender General’s budget. State v. Handson, 166 Vt. 85, 89-90, 689 A.2d 1081, 1084 (1996).
¶ 77. While the court can order a defendant to pay for all or part of the representation based on his ability to pay, 13 V.S.A. § 5238, there is no justifiable reason to then attach a penalty to a delayed payment or failure to make the ordered payment that would result in revocation of probation. Condition S of the probation conditions is nothing more than a debt-collection tool with completely inappropriate consequences. Debtor’s prison went the way of the stocks.
¶ 78. Because the evidence does not support the conclusion that Condition S is reasonably related to defendant’s rehabilitation in light of the crime for which he was convicted, I would strike condition S. I respectfully dissent on this issue.
¶ 79. I am authorized to state that Judge Maley joins this dissent.