*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2015-096

SEPTEMBER TERM, 2015

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Windham Unit, |
| v. | } | Criminal Division |
| | } | |
| | } | |
| Millard Waite | } | DOCKET NO. 452-4-14 Wmcr |

Trial Judge: David Suntag

In the above-entitled cause, the Clerk will enter:

Defendant appeals from a condition of probation included in his sentence following a guilty plea to one felony count of lewd and lascivious behavior and one misdemeanor count of prohibited acts. He contends the trial court abused its discretion by imposing a probation condition precluding contact with his non-victim grandchildren without the approval of his probation officer, therapist, and any assigned child protection worker. We affirm.

In April 2014, defendant was charged with two felony counts of lewd and lascivious conduct with a child. The charges were based on a report by his then fourteen-year old granddaughter E.W. that defendant had sexually abused her. In a subsequent interview with a child protection worker, E.W. described a number of occasions when defendant, while babysitting for her and her siblings, would lie on a couch with her under a blanket and touch her vagina. She also reported instances of inappropriate touching at family gatherings at a summer cottage. These incidents occurred when she was between seven and thirteen years old. E.W.'s younger sister, M.W., was also interviewed and reported instances in which defendant touched her chest and thighs. Both girls stated that the molestations occurred on some occasions when other family members were nearby.

In February 2015, defendant pled guilty, pursuant to a plea agreement, to one count of lewd and lascivious conduct, in violation of 13 V.S.A. § 2601, and one count of misdemeanor prohibited acts, in violation of 13 V.S.A. § 2632(a)(8). Defendant acknowledged at the change-of-plea hearing that he had "intentionally touched E.W. in a sexual way on her chest, leg, and groin areas" for the purpose of gratifying his own sexual desires, and that he had "intentionally touched M.W. in a lewd way . . . for a sexual purpose on her leg," and he further acknowledged that there were family members present when the acts occurred. The plea agreement called for a four-year deferred sentence on the felony conviction, an eleven-to-twelve month suspended sentence on the misdemeanor, and probation.

Defendant has four other minor grandchildren. Two are the children of victims' father's brother and two the children of the victims' father's sister. The plea agreement preserved defendant's right to contest the State's recommended probation condition restricting his contact

with his non-victim grandchildren. The probation condition in question provided: "You may not have contact with your non-victim grandchildren unless approved by your therapist, child protection worker and Supervising Officer." At the change-of-plea hearing, defendant argued in support of allowing contact with the non-victim grandchildren solely under the supervision of their parents. He claimed that a letter from his therapist supported this arrangement, but the letter was not introduced into evidence. He also asserted that the parents were qualified to supervise, that he had admitted his misconduct and shown remorse, and—citing an assessment in the PSI that he was a low risk to re-offend—claimed that no additional restrictions were necessary for rehabilitation purposes or to protect the public. The State maintained that supervision by the parents was inadequate in light of the circumstances of the offenses—other family members had been nearby when the crimes occurred—and that the parents of the other children had not believed the victims, which caused a bitter and deep divide in the family.

In ruling on the disputed condition, the trial court observed that it had seldom seen a more serious "fracture of a family" caused by "interfamilial" child abuse, noted that the Department of Corrections was ultimately "responsible for safe supervision and contact" with the grandchildren, and concluded that DOC standards and supervision should govern defendant's contact with all the grandchildren. Accordingly, the court imposed the condition requested by the State. This appeal followed.

Defendant contends the trial court abused its discretion by imposing the condition restricting contact with his non-victim grandchildren. "[W]e review the imposition of particular probation conditions . . . under an abuse-of-discretion standard, and will uphold the conditions as long as there is a reasonable basis for the court's actions." State v. Putnam, 2015 VT 113, ¶ 44, ___ Vt. ___ (quotation omitted). "The burden of proof is on the party alleging abuse, and that party must show that the court failed to exercise its discretion or did so for reasons clearly untenable or to an extent clearly unreasonable." Id. (quotation omitted).

For purposes of evaluating the imposition of a condition in a given case, we recently reaffirmed the principle "that a probation condition that restricts otherwise lawful conduct must be reasonably related to a defendant's particular characteristics, including the crime for which the defendant was convicted." Id. ¶ 38. We also reaffirmed that, in determining whether the court acted within its discretion, "we have not required the sentencing court to make specific findings regarding each condition, but have looked to whether the record supports the court's exercise of its discretion." Id. ¶ 45.

Assessed in light of these principles, the record here amply supports the court's decision. The restriction on contact with defendant's non-victim minor grandchildren was patently related to the crimes committed: the sexual abuse of two of his minor grandchildren. See State v. Whitchurch, 155 Vt. 134, 140 (1990) (upholding probation condition for defendant convicted of lewd and lascivious contact which restricted contact with other non-victim minors). Although, as defendant notes, Whitchurch was limited to a facial challenge to the condition, he has not made any persuasive showing that the facts here fail to support the restriction.

On the contrary, defendant's admission to molesting both victims on a number of occasions over a period of time, with other family members present, amply demonstrates that the condition requiring consultation with defendant's therapist and child protection officials, and DOC approval of the individuals appointed to provide supervision, are reasonably related to the probation goals of protecting the public and promoting defendant's rehabilitation. Contrary to

2

defendant's claim, the court was not required to conclude otherwise based solely on the assessment in the PSI that he was a low risk to reoffend. Rather, the court was free to balance that assessment against the risk to the other grandchildren and rule in favor of caution. Defendant's reliance on his therapist's letter is misplaced, as the letter was not introduced into evidence. Finally, the court could reasonably rely on evidence of the family estrangement caused by the victims' revelations in rejecting the non-victim children's parents as suitable supervisors without DOC supervision and approval. Accordingly, we find no abuse of discretion, and no basis to disturb the judgment.

   Affirmed.

          BY THE COURT:


          _____
          John A. Dooley, Associate Justice


          _____
          Marilyn S. Skoglund, Associate Justice


          _____
          Harold E. Eaton, Jr., Associate Justice