NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2018 VT 25

No. 2017-098

| | |
|---|---|
| State of Vermont | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Addison Unit, |
| | Criminal Division |
| | |
| Landon T. Urban | December Term, 2017 |

Samuel Hoar, Jr., J.

David Tartter, Deputy State's Attorney, Montpelier, for Plaintiff-Appellee.

Allison N. Fulcher of Martin & Associates, Barre, for Defendant-Appellant.

PRESENT: Reiber, C.J., Skoglund, Robinson, Eaton and Carroll, JJ.

¶ 1.    **EATON, J.**   Defendant appeals from the trial court's imposition of probationary conditions in connection with a plea agreement. He contends a condition forbidding the purchase, possession, or consumption of alcohol, to which he objected at sentencing, violates public policy or is unduly restrictive. He further contends, for various reasons, that additional conditions to which he agreed in the plea agreement should be modified or vacated. We affirm.

¶ 2.    In May 2016, defendant was charged with aggravated assault with a deadly weapon and simple assault arising from an altercation at a mud bog event in Ferrisburgh. The arresting officer's affidavit indicated defendant appeared extremely intoxicated when the officer spoke with him shortly after the incident. The charges were tried to a jury in September 2016, resulting in a conviction on the simple assault count. The jury was unable to reach a verdict on the count alleging

aggravated assault. In February 2017, the parties reached a plea agreement wherein defendant agreed to plead nolo contendere to the aggravated assault charge in exchange for concurrent sentences on both the aggravated assault and the simple assault charges. The plea agreement provided that a portion of the sentences was suspended, and defendant was placed on probation for a period of two years.

¶ 3.     In the plea agreement, defendant reserved the right to challenge the imposition of a condition prohibiting him from purchasing, possessing, or using alcohol should the court elect to impose it. The plea agreement provided for the imposition of other probationary conditions, which defendant agreed were "final" both in the written agreement and orally at sentencing. Defendant also stipulated in the plea agreement that he was not an alcoholic. The court imposed the sentence specified in the plea agreement, including the "no-alcohol" condition,[1] to which defendant continued to object, and the other probationary conditions called for in the plea agreement to which he did not object. Defendant contended the no-alcohol condition could no longer be imposed based upon this Court's recent decision in State v. Albarelli, 2016 VT 119, ¶ 60, __ Vt. __, 159 A.3d 627, which relied upon public policy to strike a no-alcohol condition.[2]

¶ 4.     The court noted at sentencing that there was "abundant reason to believe that alcohol played a significant role in [defendant's] behavior that was far out of bounds on the day in

---

[1] The condition, known as special Condition 1, read "You must not buy, have or drink any alcoholic beverages; you must submit to any alcosensor test or any other alcohol test when your probation officer or their designee asks you to do so." We refer to the condition hereafter as the "no-alcohol" condition.

[2] In Albarelli, the Court explained that Condition 1, which "completely prohibits defendant from buying, having, or drinking any alcoholic beverages" and "requires defendant to submit to alcosensor tests or any other alcohol test when his probation officer or their designee tell him to do so" was at "direct odds with Vermont's policy regarding alcohol and drug abuse programs under 18 V.S.A. § 4801." 2016 VT 119, ¶ 60. In § 4801, the Vermont Legislature declared declared "[i]t is the policy of the State of Vermont that alcoholism and alcohol abuse are correctly perceived as health and social problems rather than criminal transgressions against welfare and morals of the public." 18 V.S.A. § 4801(a).

2

question" and that imposition of the condition would serve rehabilitative purposes. The court further stated:

> Frankly, that event alone would be enough to warrant the Court's imposition of—frankly, all five of those conditions. And . . . condition 1, in the absence of evidence that the defendant could not comply with it, I think would be a useful condition in assistance of the counselling that would be occurring. I think it would be—particularly with an event of this nature, leading to a felony conviction, this is an opportunity that the Court would not pass up to require Mr. Urban to re-examine his relationship with alcohol and determine what kind of healthy relationship, if any, he can have going forward. The alcohol conditions . . . amply meet that concern.

While defendant had a prior record, it was never established the extent to which, if any, alcohol played a role in his prior convictions.[3] Defendant appealed.

## I. Defendant's Challenge to the No-Alcohol Condition

¶ 5. We consider first the challenge to the no-alcohol condition. Probation conditions must be reasonably related to the purposes of sentencing and reasonably related to the crime. State v. Moses, 159 Vt. 294, 298, 618 A.2d 478, 481 (1992). "A condition is related to the goals of probation if it is designed, in light of the crime committed, to promote the probationer's rehabilitation and to insure the protection of the public." State v. Campbell, 2015 VT 50, ¶ 9, 199 Vt. 78, 120 A.3d 1148 (quotation omitted). Probationary conditions also must not be overly broad or vague. State v. Freeman, 2013 VT 25, ¶ 17, 193 Vt. 454, 70 A.3d 1008 (quoting State v. Whitchurch, 155 Vt. 134, 137, 577 A.2d 690, 692 (1990)). Where a probationary condition restricts otherwise lawful conduct, the condition must also be "reasonably related to the offender's rehabilitation or necessary to reduce risk to public safety." 28 V.S.A. § 252(b)(18).

---

[3] The court invited the parties to submit post-sentencing filings concerning the role alcohol played in any of defendant's prior convictions. Neither party did so, and the court did not rely on the prior convictions when imposing the no-alcohol condition.

¶ 6.    Defendant raises a public policy argument, echoing the Court's decision in Albarelli, and contends that a condition totally prohibiting him from having or using alcohol is unduly restrictive to his liberty when the offenses for which he was placed on probation were not alcohol offenses.  Defendant stipulates that he is not an alcoholic and presented no evidence that he is an "alcohol abuser."[4]  To the extent the court believed probationary conditions were necessary to assist in defendant's rehabilitation, he argues a less restrictive alcohol condition should have been imposed.[5]  Thus, defendant argues that imposing a no-alcohol condition is unduly harsh and restrictive to his liberty if he is not an alcohol abuser, and prohibited by this court's recent decision in State v. Albarelli, if he is.  2016 VT 119, ¶ 60.

¶ 7.    We review the imposition of probationary conditions for abuse of discretion.  State v. Putnam, 2015 VT 113, ¶ 28, 200 Vt. 257, 130 A.3d 836.  "While not without limitation, a trial court's discretion [on the imposition of probation conditions] is expansive, and will generally be upheld if the condition is reasonably related to the crime for which the defendant was convicted."  Campbell, 2015 VT 50, ¶ 9 (quotation omitted); 28 V.S.A. § 252(a) ("The conditions of probation shall be such as the court in its discretion deems reasonably necessary to ensure that the offender will lead a law-abiding life or to assist the offender to do so.").  The probationary conditions will be upheld as long as "there is a reasonable basis for the court's action."  State v. Savo, 141 Vt. 203, 208, 446 A.2d 786, 789 (1982).  If the condition prohibits defendant from engaging in lawful

---

[4]  The term "alcohol abuser" used here is encompassed within the statutorily defined term, "substance abuser."  18 V.S.A. § 4802(14).  A "substance abuser" includes "anyone who drinks alcohol . . . to an extent or with a frequency which impairs or endangers his or her health or the health or welfare of others."  Id.

[5]  For example, Condition P, which was included as one of defendant's probationary conditions, states: "You shall not drink alcoholic beverages to the extent they interfere with your employment, or the welfare of your family, yourself or any other person."  See Albarelli, 2016 VT 119, ¶ 62 (upholding Condition P's "narrower prohibition of alcohol consumption," and rejecting Condition 1's "complete prohibition" of alcohol consumption for "criminaliz[ing] defendant solely because of his consumption of alcohol").

4

behavior, the condition must be "<u>reasonably</u> related to . . . rehabilitation or necessary to reduce the risk to public safety." 28 V.S.A. § 252(b)(18) (emphasis added). "Reasonable" means not unduly harsh to achieve goals of probation. <u>Campbell</u>, 2015 VT 50, ¶ 9. On appeal the burden of proof in establishing an abuse of discretion in the imposition of a probationary condition rests with defendant. <u>Putnam</u>, 2015 VT 113, ¶ 44.

## A. The Scope of <u>Albarelli</u>

¶ 8. We first address the reach of <u>Albarelli</u> and whether a no-alcohol condition violates Vermont public policy in all circumstances. In <u>Albarelli</u>, we struck the identical no-alcohol condition here, Condition 1, relying upon the public policy expressed by the Legislature in 18 V.S.A. § 4801(b)(1) that alcoholics and alcohol abusers "shall no longer be subjected to criminal prosecution solely because of their consumption of alcoholic beverages." 2016 VT 119, ¶ 60. We noted that the imposition of a no-alcohol condition "sets up for failure alcoholics and alcohol abusers" solely because of their consumption of alcohol, contrary to the protection from criminal prosecution the Legislature intended by virtue of 18 V.S.A. § 4801. <u>Id</u>. Accordingly, we found the no-alcohol condition in <u>Albarelli</u> improper because a violation of the condition would likely arise, not from defendant's delinquency, but because of his "inability . . . to moderate consistently his . . . drinking practices in spite of the onset of a variety of consequences deleterious to his . . . health." <u>Id</u>. ¶ 61 (quoting 18 V.S.A. § 4802(2)(B)).

¶ 9. <u>Albarelli</u> stopped short of finding a no-alcohol condition improper under all circumstances. It does not, as defendant asserted below, stand for the proposition that Vermont would no longer criminalize drinking. Instead, <u>Albarelli</u> found a no-alcohol condition to be improper when the defendant, due to his alcoholism or alcohol abuse, lacks the ability to comply with the condition.[6] Directly imposing a no-alcohol condition upon an alcoholic or alcohol abuser

---

[6] This Court did not consider in <u>Albarelli</u> the circumstance of a no-alcohol requirement that is part of a properly court-ordered alcohol treatment program.

sets the defendant up for a probation violation based on conduct he or she lacks the ability to control, which the Albarelli Court found directly contrary to public policy concerns for protecting alcoholics and alcohol abusers from criminal prosecution based solely on their consumption of alcohol, as expressed in 18 V.S.A. § 4801.[7] Nothing in Albarelli suggests a person who retains the ability to comply with a condition prohibiting alcohol use cannot be subject to it if the condition is otherwise warranted.[8] Further, Vermont's statute on probationary conditions, 28 V.S.A. § 252(18), provides that a condition prohibiting the use of alcohol may be imposed if it is reasonably related to defendant's rehabilitation. A reading of Albarelli to prohibit the imposition of a no-alcohol condition in all circumstances would be directly at odds with § 252(18). Thus, we conclude that Albarelli does not prohibit the imposition of a no-alcohol condition in all circumstances. It may be imposed when otherwise reasonably related to rehabilitation, so long as defendant is not an alcoholic or alcohol abuser.

¶ 10. Here, defendant stipulated he was not an alcoholic. The stipulation did not address whether defendant was an alcohol abuser and no evidence was submitted establishing the parameters of defendant's alcohol use. While the State suggested some of defendant's prior

---

[7] While Albarelli was based upon Vermont public policy as codified by the Legislature, other courts have found a no-alcohol condition improper, even absent an express legislative policy, where the defendant lacked the ability to control his drinking. See, e.g., Sweeney v. United States, 353 F.2d 10, 11 (7th Cir. 1965) (finding no-alcohol condition unreasonable when probationer's chronic alcoholism destroyed his volition and prevented his compliance with condition); State v. Oyler, 436 P.2d 709, 712 (Idaho 1968) (finding imposition of no-alcohol condition improper and "patently vindictive" when defendant is powerless to abstain from "more or less continuous drinking to excess of alcoholic beverages"); State ex rel. Mulligan v. Dep't of Health and Soc. Serv., 273 N.W.2d 290, 292 (Wisc. 1979) (finding no-alcohol condition valid absent showing that defendant is chronic alcoholic, namely "involuntary drinker" whose "self-determination and will power were wholly destroyed and that he was unable to control his use of alcohol"). However, the Oyler and Sweeney line of cases is recognized as the minority position. See Spry v. State, 750 So. 2d 123, 124-25 (Fla. Dist. Ct. App. 2000) (discussing various courts' rejection of Sweeney and Oyler).

[8] Albarelli found the less restrictive alcohol condition, Condition P, did not criminalize a defendant's behavior solely because of alcohol consumption. See supra, n. 2.

offenses were alcohol related, the court did not rely upon that representation in imposing the sentences. As the trial court observed, nothing was put forth indicating defendant lacked the ability to comply with a no-alcohol condition.

¶ 11. While Albarelli was clear that the burden to show abuse of discretion by the trial court in imposing a probationary condition rests with the party challenging it on appeal, it left open the question of which party should bear the burden with respect to alcoholism and alcohol abuse at sentencing in the face of a requested probationary condition prohibiting alcohol use. To be clear, the court must be satisfied at sentencing that a requested probationary condition is reasonably related to the crime and, if the condition is restrictive of otherwise lawful behavior, that it is necessary for rehabilitation or protection of the public. 28 V.S.A. § 252. However, where a defendant challenges a requested condition prohibiting alcohol use on the basis of being an alcoholic or alcohol abuser, we agree with the Wisconsin Supreme Court that the burden to establish what amounts to a defense to the imposition of the probationary condition should rest with the defendant. State ex rel. Mulligan, 273 N.W.2d at 292-93 ("Mulligan did not introduce any expert testimony as to his being a chronic alcoholic. . . . Mulligan made no attempt at the revocation hearing to show that he was pathologically unable to refrain from drinking.").

¶ 12. We conclude the defendant should bear the burden when challenging the imposition of a no-alcohol condition on the basis of being an alcoholic or alcohol abuser for two reasons. First, the defendant likely has far greater access to his or her history of alcohol use and abuse than the State. Second, placing the burden on the State would put it in the position of attempting to establish the lack of the defendant's alcoholism or alcohol abuse anytime the State sought a condition prohibiting alcohol use, despite the statute's specific authorization of a condition prohibiting alcohol use. Where a defendant seeks the protections afforded by the public policy of 18 V.S.A. § 4801 by objecting to a no-alcohol condition on the grounds of inability to comply due

7

to alcoholism or alcohol abuse, requiring the defendant to provide evidence establishing that he or she is an alcoholic or alcohol abuser as defined in the statute is appropriate.

¶ 13.    Despite the trial court's invitation for the parties to submit further information regarding defendant's alcohol history, neither party did so here.  Thus, there was no basis for the court to conclude that defendant was an alcohol abuser.  That the defendant was intoxicated at the time of this offense, does not, as defendant suggests, necessarily render him an alcohol abuser.  The definition of alcohol abuse contemplates something more than intoxication at any one time.  See 18 V.S.A. § 4802(14) (defining "substance abuser" to include "anyone who drinks alcohol . . . to an extent or with a frequency which impairs or endangers his or her health or the health or welfare of others.")  All that was shown here, at best, was that defendant was intoxicated when these offenses took place and that it likely contributed to his conduct.  To hold this is enough to establish the defendant as an "alcohol abuser" would bring into question the imposition of a probationary condition prohibiting alcohol use in any case where defendant was intoxicated at the time of the offense, including those offenses arising directly from alcohol use, such as DUI.  We do not believe that the reach of the statutory public policy extends this far.  The burden was on defendant to demonstrate that he was an alcohol abuser, and thus within the scope of Albarelli.  State ex rel. Mulligan, 273 N.W.2d at 292-93.  As defendant did not establish he was an alcohol abuser, and having stipulated that he was not an alcoholic, the public policy considerations which led to the outcome in Albarelli—criminalizing alcoholism or alcohol abuse—are not implicated here.

## B. Abuse of Discretion

¶ 14.    Thus, with respect to the no-alcohol condition, we are left to consider whether defendant has shown the court abused its discretion in imposing the condition for rehabilitative purposes.  28 V.S.A. § 252.  Defendant did not challenge the representation contained in the arresting officer's affidavit that defendant appeared highly intoxicated shortly after the offense.

8

Defendant did not challenge the court's finding that there was abundant reason to believe defendant's alcohol consumption on the day in question played a significant role in the events leading to defendant's arrest, or that refraining from alcohol would aid in his rehabilitation. **T 26.** Defendant's challenge to the imposition of the condition focused primarily, if not nearly exclusively, on the court's authority to impose the condition as being unduly restrictive rather than it lacking any relationship to the crime or rehabilitative purpose.

¶ 15.    Defendant argues the no-alcohol condition is not reasonable. Defendant's primary support for this argument is that a less restrictive alcohol condition should have been imposed because defendant was not convicted of an alcohol related offense and that alcohol possession and consumption is legal behavior.

¶ 16.    A probationary condition, including conditions restricting otherwise legal behavior, may be struck if it is "unduly restrictive of the probationer's liberty or autonomy." Whitchurch, 155 Vt. at 137, 577 A.2d at 692. A condition that is unnecessarily harsh or excessive is not reasonable, and conditions restricting a probationer's freedom "must be especially fine-tuned." Moses, 159 Vt. at 298, 618 A.2d at 481 (quotation omitted). Defendant suggests that, because a lesser restriction on alcohol use might have been imposed, a total prohibition is therefore unduly restrictive because it is unnecessarily harsh. We disagree. A probationary condition is not unnecessarily harsh or excessive because other alternatives exist. See id. at 297, 618 A.2d at 480. (explaining that courts have broad discretion in setting probation conditions). In any case, a court may consider probation conditions which involve varying degrees of restriction. In considering those alternatives, the court is bound to impose conditions which are not unnecessarily harsh or restrictive. Id. at 298, 618 A.2d at 481; Putnam, 2015 VT 113, ¶ 48 n. 11. In this case, the court was concerned about the nature of the offense—a public brawl where defendant committed an aggravated assault while drunk and armed with a knife. The court felt total abstinence from alcohol was warranted to aid in defendant's rehabilitation. The question is not whether the court might

9

have reasonably chosen to impose a lesser alcohol restriction, but whether there was a reasonable basis for imposing the restriction that it chose. Savo, 141 Vt. at 208, 446 A.2d at 789. Defendant has not shown why a complete prohibition on defendant's alcohol possession or use was unreasonable under the circumstances. Therefore, he has not shown an abuse of discretion in the trial court's careful consideration of whether and why it should impose a no-alcohol condition in this case.

## II. Defendant's Challenges to Additional Conditions

¶ 17. Defendant agreed to five probationary conditions in the plea agreement, and at sentencing, which he now seeks to have vacated or modified.[9] We have recognized that probation conditions as part of a plea agreement are a contract. Whitchurch, 155 Vt. at 139, 577 A.2d at 693. Although a defendant may seek modification of the probationary conditions, if the modification results in the probationer escaping part of the obligation of the plea agreement after accepting its major benefit, it may be incumbent upon the court to vacate and reconsider the whole sentence. In re Fadden, 148 Vt. 116, 118-19, 530 A.2d 560, 562 (1987).

¶ 18. Defendant complains the challenged conditions are overbroad and unduly restrictive largely because they are not related to the crime for which he was convicted and because the court made inadequate findings to justify their imposition. But there is no reason why the court should have made findings justifying the imposition of probationary conditions to which there was not only no objection, but an agreement to their imposition and an agreement that they were "final."

¶ 19. We have addressed a similar argument concerning the lack of connection between the probation condition and the offense in Whitchurch, where we said:

> [D]efendant attempted to ground his attack on the absence of a
> record at sentencing, an absence directly caused by the fact that he

---

[9] The conditions were: attend the CRASH program (an impaired driver rehabilitation program); have an alcohol and drug screen; complete a residential treatment program if required; participate in counselling as required by a probation officer; and submit to random urinalysis by probation officer or designee.

10

> entered into a plea agreement. It would be wholly inappropriate to ground relief on the failure of the record to show a sufficient connection between the offense and the probation condition where defendant's agreement to the probation condition caused the absence of a record. In effect, it would shift the burden of proof on modification of probation from the defendant to the State and the court.

155 Vt. at 139, 577 A.2d at 693. As in Whitchurch, in light of the absence of a record, we consider the argument to modify or strike the challenged conditions as a facial attack on the probation conditions based on the arguments defendant raises. Defendant can be successful in his challenge only if there is no set of circumstances under which the court could conclude that such conditions are sufficiently tailored and supported by the record. Id. at 140, 577 A.2d at 693. Defendant does not allege there are no circumstances under which the court could reach such a conclusion. Even where the court has considered the delegation of authority to the probation officer to be plain error, for example concerning the type of residential treatment or type of counselling, we have nonetheless remanded to the trial court for the opportunity to make findings justifying the broad delegation. Albarelli, 2016 VT 119, ¶ 66; Putnam, 2016 VT 113, ¶ 70. Thus, defendant has not shown that the conditions are facially invalid on the grounds that he raises.

¶ 20. Because defendant is not entitled to modification of any of the imposed probationary conditions, we need not consider the impact modification would have on the continuing validity of the plea agreement.

Affirmed.

FOR THE COURT:

_____

Associate Justice

11