Filed 10/24/24

VERMONT SUPERIOR COURT

Caledonia Unit
1126 Main Street Suite 1
St. Johnsbury VT 05819
802-748-6600
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 24-CV-01228

---

Nathan Jones v. Nicholas Deml

---

## FINDINGS, CONCLUSIONS, AND JUDGMENT

Pursuant to 28 V.S.A. § 724 and V.R.C.P. 74, Appellant Nathan Jones has brought the present appeal. Appellant seeks to overturn the Department of Corrections' case staffing decision following the revocation of his Community Supervised Furlough status. Appellant's primary argument is that the Department's decision effectively penalized him for his on-going struggles with alcohol in derogation of 18 V.S.A. § 4801. As such, Appellant argues, the case staffing and extended determination of ineligibility for furlough is improper and should be reversed. For the reasons outlined below, the Court finds that Section 4801 does not prevent the Department from revoking furlough when there are reasonable circumstances that link a furloughee's behavior to activities that pose a threat to public safety under 28 V.S.A. § 724 (d)(2) (A) and (B).

### Background Facts

The present matter came before the Court for a bench trial hearing on August 27, 2024. The parties requested and were granted an additional month after the hearing to prepare and file responsive pleadings. Based on the evidence in the administrative record and the filings of the parties, the Court finds the following facts to be largely undisputed.

In early 2024, Appellant was on community supervised furlough, a program defined by 28 V.S.A. § 723. Appellant had previously had his furlough status revoked in 2022 for absconding. As part of his furlough, Appellant had several conditions and special conditions including the following:

> CO1. I Will not be cited or charged: I will not commit any act punishable by law. including city and municipal code violations.

> *　　*　　*

> SC21. I will refrain from the use of alcoholic beverages while on community supervision furlough due to risk-related charges from the past or present. and/or risk area identified through a validated substance use assessment.

SC22. I will continue to reside at an approved residence while on supervision. Appellant also had a 6pm to 6am curfew.

On February 5, 2024, Appellant's Father contacted Appellant's probation officer and advised the officer that Appellant has not come home the night before and had spent the night at a friend's mother's house. Later that day, Father saw Appellant driving a truck that was supposed to be at Father's auto repair shop where Appellant also worked. Father directed Appellant to return the truck to Father's house. Appellant agreed but did not return to Father's house. Father once again contacted probation and parole. At that point, there was no evidence that Appellant was consuming alcohol or driving under the influence. The probation officer and Father both expressed some suspicions because of Appellant's past behavior, which involved alcohol.[1] Appellant's Father indicated that he would no longer allow Appellant to live at the family's residence, and Father informed the probation officer that he had revoked his permission for Appellant to occupy the residence. The probation officer determined based on the available information that Appellant would be returned to the Northeast Correctional Facility based on his violation of Special Condition 22.

Shortly thereafter, the probation officer received a call from Father reporting that Appellant had driven to the family's home. Four minutes later, Father called to report that Appellant had driven off the property but might be found at the family's camp nearby. The probation officer and other law enforcement officers arrived at the camp and found Appellant. Appellant took an alco-sensor test and registered a blood alcohol level of 0.222. This test was administered 33 minutes after Father reported that Appellant was driving and within 37 minutes of when Appellant first drove to the house.

The Department took Appellant into custody. On February 13, 2024, Appellant waived his notice of suspension hearing. On March 6, 2024, the Department conducted a case staffing meeting at which time, the hearing panel imposed a one-year furlough suspension based on its determination that this revocation constituted Appellant's second significant violation and the finding that there was "Evidence of behavior(s) that pose a direct risk to public safety;" and a "pattern of risk-related behavior where previous interventions have failed to mitigate the risk;" and that Appellant's "risk to reoffend can no longer be adequately controlled in the community, and no other method to control noncompliance is suitable . . ."

---

[1] As the Agency's Record indicates, Appellant has been identified as having substance abuse issues. While there was no evidence that Appellant has been formally diagnosed with chronic alcoholism, the Department appears to largely concede the issue, and the Court finds for the purposes of the present decision that Appellant is an individual with substance abuse issues, specifically chronic alcoholism.

## Standard of Review

The present appeal is a de novo review of the Department's case staffing record. 28 V.S.A. § 724(c)(1). By statute, the Court's review is limited to "determine whether the decision to interrupt or revoke an offender's community supervision furlough status was an abuse of discretion by the Department . . . ." Id. at (c)(2). An abuse of discretion in the decision to revoke or interrupt furlough is presumed for any period greater than 90 days for a technical violation unless:

> (A) The offender's risk to reoffend can no longer be adequately controlled in the community, and no other method to control noncompliance is suitable.
>
> (B) The violation or pattern of violations indicate the offender poses a danger to others.
>
> (C) The offender's violation is absconding from community supervision furlough. As used in this subdivision, "absconding" means: based on the criteria set forth in subdivision (d)(2) of this section.

28 V.S.A. § 724(d)(2).

In this case, the Department has not sought to dismiss the complaint as a non-technical violation constituting a new crime as defined in Section 724(d)(1), but the case staffing report in the administrative record indicates that there is circumstantial evidence that Appellant committed the crime of driving under the influence 23 V.S.A. § 1201. In part, this appears to be a function of the fact that Appellant was never charged or notified that he was being charged with a potential DUI. As such, the Court will not consider this appeal as a non-technical violation. There is also no evidence to suggest an absconding charge under Section 724(d)(2)(C) as that term is defined under 28 V.S.A. § 722 (1).

Instead, the sole questions on appeal are (1) whether the record supports the factual basis for the furlough revocation under the provisions of Section 724(d)(2)(A) and (B), and (2) whether 18 V.S.A. § 4801 required the Department to provide alcohol rehabilitation services in lieu of furlough revocation and suspension of furlough eligibility.

## Legal Analysis

There is no factual question as to whether Appellant violated the terms and conditions of his furlough. As noted above, the evidence shows Appellant violated two out of the three stated conditions of his furlough. The evidence shows that he violated Condition 21 (refraining from use of alcoholic beverages) by consuming alcohol and testing positive; and Condition 22 (continuing to reside at an

approved residence) by leaving his parents' house and losing the right to remain on their property.[2] This evidence was sufficient to justify the initial furlough interruption.

While the alleged violation of the third condition is disputed, the circumstantial evidence shows that Defendant had a blood alcohol content nearly three times the legal limit within 37 minutes of his last reported operation of a motor vehicle. Whether this evidence would sustain a conviction is largely irrelevant as the Department has not sought to end the present appeal on non-technical grounds. 28 V.S.A. § 722(4) (defining the term "technical violation"). This makes the question of admissibility, alcohol absorption rates, and legal sufficiency of the evidence under a charge of driving under the influence irrelevant to the present analysis.

The evidence strongly suggests that Appellant was operating a motor vehicle under the influence of alcohol. Whether that influence rose to the level of criminal incapacity as defined by 23 V.S.A. § 1201 is not an issue that this Court needs to resolve. The fact that the Department did not resolve this issue also does not vitiate its importance in the present matter. The evidence shows that Appellant consumed alcohol in violation of his furlough conditions drove under the influence of alcohol. At a minimum, these facts demonstrate a reckless disregard for public safety and couples Appellant's alcohol consumption with a behavior that creates public risk.

This brings the analysis to the applicability of 18 V.S.A. § 4801. To the extent that Section 4801 prohibits the criminal prosecution of an individual solely because of the individual's consumption of alcoholic beverages, the statute, by its express terms does not apply when the consumption of alcohol involves activities that are "directly injurious to the welfare or property of the public." Id. at § 4801(b)(1). Appellant relies heavily upon the reasoning of the Vermont Supreme Court in *State v. Albarelli*, 2016 VT 119, ¶¶ 60, 61 (striking a probation condition prohibiting the defendant from purchasing or consuming alcohol).

In one sense the reasoning of *Albarelli* is applicable to the present case in that *Albarelli* extends the conditions of Section 4801 to probation conditions under 28 V.S.A. § 252. *Albarelli*, 2016 VT 119, at ¶ 60.[3] In this respect, the Court rejects the Department's argument that Section 4801 does not apply. At the

---

[2] Appellant suggests that his one night staying at another property was not a violation of Condition 22, but the Court understands that Appellant's absence along with Father's revocation of permission to live in the residence collectively triggered the violation of Condition 22. The Court would further note that Condition 22 relates to the curfew condition, and by failing to return to and maintain his nightly residence, Appellant was out of compliance with his curfew.

[3] The Court rejects the Department's argument that Section 1801 does not apply because the inmates have no liberty interest in their furlough status. As Appellant notes in his extensive briefing, inmates on furlough have a protected liberty interest in remaining in the community. *Young v. Harper*, 520 U.S. 143, 146–47 (1997). By promulgating the present

same time, the question posed by this case is slightly different than the one addressed by the Vermont Supreme Court in *Albarelli*. In that case, the Court was confronted with the imposition of two different alcohol-related conditions. Id. Condition 1 was simply a prohibition against buying, having, or drinking alcoholic beverages. This condition was struck down as violative of Section 4801. Condition P, however, was affirmed by the Court because it did not categorically prohibit the defendant from drinking. Id. at ¶ 62. This condition tied a prohibition to a specific public consideration. Id. Under this condition, defendant could not drink to the extent it interfered with his employment or the welfare of his family, himself, or any other person. Id. This nexus with public protection was sufficient to remove Condition P from the concerns of Section 4801.

The reasoning of *Albarelli* has been further explained by subsequent Vermont Supreme Court decisions that have explained the continuing applicability of tailored conditions, like Special Condition 21, that link restrictions on an individual's drinking to public safety concern. As the Court explains:

> *Albarelli* stopped short of finding a no-alcohol condition improper under all circumstances. It does not, as defendant asserted below, stand for the proposition that Vermont would no longer criminalize drinking. Instead, *Albarelli* found a no-alcohol condition to be improper when the defendant, due to his alcoholism or alcohol abuse, lacks the ability to comply with the condition. Directly imposing a no-alcohol condition upon an alcoholic or alcohol abuser sets the defendant up for a probation violation based on conduct he or she lacks the ability to control, which the *Albarelli* Court found directly contrary to public policy concerns for protecting alcoholics and alcohol abusers from criminal prosecution based solely on their consumption of alcohol, as expressed in 18 V.S.A. § 4801. Nothing in *Albarelli* suggests a person who retains the ability to comply with a condition prohibiting alcohol use cannot be subject to it if the condition is otherwise warranted. Further, Vermont's statute on probationary conditions, 28 V.S.A. § 252(b)(18), provides that a condition prohibiting the use of alcohol may be imposed if it is reasonably related to defendant's rehabilitation. A reading of *Albarelli* to prohibit the imposition of a no-alcohol condition in all circumstances would be directly at odds with § 252(b)(18). Thus, we conclude that Albarelli does not prohibit the imposition of a no-alcohol condition in all circumstances. It may be imposed when otherwise reasonably related to rehabilitation, so long as defendant is not an alcoholic or alcohol abuser.

*State v. Urban*, 2018 VT 25, ¶ 9 (footnotes omitted).

---

statutory framework for the awarding and revocation of furlough, the Vermont legislature has bolstered this expectation by creating a process through which furlough is administered and revoked under specific and timely circumstances. See *Matthews v. Eldridge*, 424 U.S. 319, 333 (1976) (noting that the "fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner"). It is a hallmark of dues process that the government, before effecting a deprivation of a constitutionally protected interest will provide notice and opportunity to be heard. *Hallsmith v. City of Montpelier*, 2015 VT 83, ¶ 12. In this case, the legislature has created a robust framework for both issues.

In this case, Condition 21 ties its prohibition to specific prior community harm and to limit the use of alcohol based on this public safety nexus. The agency record demonstrates that the underlying issues in this case involved alcohol and public safety concerns, specifically the concerns that Appellant consumes alcohol and operates motor vehicles under the influence. Moreover, the manner in which the Department has sought to enforce this provision is consistent with the public safety nexus. There is substantial evidence that Appellant operated a motor vehicle under the influence of alcohol. This is a threat and danger to public safety and to his own safety. It was a violation of Condition 21, and the nexus between alcohol and public safety eliminates the Section 4801 concerns.

## ORDER

Based on these considerations, the Court concludes that that the record provides sufficient support that the Department has demonstrated that Appellant's actions triggered the provisions of 28 V.S.A. § 724(d)(2)(A) and (B). This support comes from Appellant's violations of Conditions 21 and 22 of his terms of furlough. The Court further concludes that while 18 V.S.A. § 4801's provisions are applicable to these furlough standards, the evidence in this manner demonstrates a sufficient nexus in the language of Condition 22. To the extent that Appellant has argued that Condition 21's language is broad, its enforcement in this case is tied to specific and factual supported public safety concerns, which put its enforcement outside of 18 V.S.A. § 4801's prohibitions.

For these reasons, the Department's furlough revocation is **Affirmed.**

Electronically signed on 10/24/2024 9:04 AM pursuant to V.R.E.F. 9(d)

_____

Daniel Richardson
Superior Court Judge